PER CURIAM:
 

 After oral argument before this court on December 16, 1985, but prior to issuance of an opinion, defendants-appellants Telewide Systems, Inc., and Bernard L. Schubert each filed a voluntary petition in bankruptcy in the United States Bankruptcy Court for the District of Delaware (Nos. 86-48 and 86-49). In a letter to the Clerk of this court dated March 4, 1986, counsel for ap-pellees stated that “the filing of these reorganization proceedings by appellants does
 
 not
 
 constitute ... a stay of the decision of the Court of Appeals, and bankruptcy counsel for the appellants has confirmed to me his agreement on this point.” We disagree and order this proceeding stayed, without prejudice to the rights of the parties to apply to the bankruptcy court for relief from the provisions of section 362(a)(1) of the Bankruptcy Code, 11 U.S.C. § 362(a)(1) (1982 & Supp. II 1984).
 

 Under section 362(a)(1) a petition in bankruptcy operates to stay the “continuation ... of a judicial, administrative, or other action or proceeding against the debt- or that was ... commenced before the commencement of the [bankruptcy proceeding].” 11 U.S.C. § 362(a)(1). The stay is automatic and mandatory with the filing of the petition,
 
 see Cathey v. Johns-Manville Sales Corp.,
 
 711 F.2d 60, 62 (6th Cir.1983), and therefore a motion for a stay need not be made in this court or the bankruptcy court.
 
 See 2 Collier on Bankruptcy
 
 ¶ 362.03 (L.King 15th ed. 1985) (stay effective on date of filing). Since the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay.
 
 See Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.,
 
 682 F.2d 446, 448 (3d Cir.1982).
 

 An appeal is indisputably a continuation of a judicial action or proceeding,
 
 see Cathey,
 
 711 F.2d at 61, and therefore this action is automatically stayed if it is one “against the debtor.” We agree with the decisions and reasoning of the United States Courts of Appeals for the Third and Sixth Circuits that whether an action is “against the debtor” is determined by examining the debtor’s status at the time proceedings were initiated, and not by looking to which party has appealed.
 
 See id.
 
 at 61-62;
 
 St. Croix Hotel Corp.,
 
 682 F.2d at 449. Therefore, although the debtor is currently the appellant, this action is stayed because it was originally brought “against the debtor.”
 

 Relief from the effect of the automatic stay provisions of section 362(a)(1) must be sought from the bankruptcy court pursuant to section 362(d), and not from this court.
 
 See Cathey,
 
 711 F.2d at 62-63;
 
 Ellison v. Northwest Engineering Co.,
 
 707 F.2d 1310, 1311 (11th Cir.1983);
 
 In re Holtkamp,
 
 669 F.2d 505, 507 (7th Cir.1982). It is therefore
 

 
 *208
 
 ORDERED that pursuant to 11 U.S.C. § 362 all proceedings in this court are hereby stayed. The parties are directed to inform the court when the bankruptcy court grants relief from the automatic stay or that stay lapses. At that time, if the dispute has not been resolved, we will release our decision.