BOWES, Judge.
Plaintiff/appellee, C.W. Osborn, filed suit in the district court alleging that further sales commissions were due him which accrued after his termination of a contractual employment relationship with defendant/appellant, Charles E. Scott Company, Inc. (hereinafter Scott Company). The trial court rendered judgment in favor of C.W. Osborn and Scott Company appeals.
Prior to the hearing date set by this court, appellee submitted a Motion to Stay Proceedings and subsequently provided this court with a copy of the Notice of Bankruptcy and of Automatic Stay.
Appellant submitted an opposition to ap-pellee’s Motion to Stay Proceedings. Appellant argues on the basis that the bankruptcy proceeding was involuntary and that the automatic stay operates solely for the advantage of the debtor — not the creditor.
The automatic stay in bankruptcy proceedings is provided for in 11 U.S.C. § 362, which states in pertinent part:
“Sec. 362 Automatic stay
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3), operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;”
A careful review of this statute convinces us that it is applicable in cases such as the one before us. Specifically, 11 U.S.C. § 303, which is enunciated in 11 U.S.C. § 362 above, is titled “Involuntary Cases”, clearly indicating the intent of the Con *702 gress to include involuntary cases within the ambit of the automatic stay provision.
Further, it appears that a Federal appellate court has already ruled on this question. In Assoc. of St. Croix Condo. v. Owners of St. Croix Hotel, 682 F.2d 446 (3 Cir.1982), the court held:
“[1] In our view, section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs.”
We agree with the Federal Third Circuit and since, in the instant case, the original proceeding was brought against the debtor, it is subject to the automatic stay.
Accordingly, the proceedings in this court are stayed unless and until official notification from the Bankruptcy Court to proceed is received by this court.
PROCEEDINGS ON APPEAL STAYED