PATTERSON, Judge.
Home America, Inc. and Aetna Casualty and Surety Company appeal from a nonfi-nal order vacating a dismissal for lack of prosecution. We reverse.
In 1985 appellee T & J. Paving, Inc. recorded a mechanic's lien against real property owned by Home America. Home America transferred the lien to a bond issued by Aetna. In April 1986 appellee filed suit to enforce its lien against the bond. In April 1987 the attorney for appellee withdrew from further representation. Appel-lee took no further action in the case, and on April 29,1988, appellants moved to have the case dismissed for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). Appellee filed no response to the motion and did not appear at the hearing on the motion on May 19, 1988. The court granted the motion and dismissed the case.
The day prior to the dismissal hearing, an attorney filed a suggestion of appellee’s bankruptcy which had not reached the court file by the time of the hearing. On May 20, 1988, counsel for appellee filed a motion to vacate the dismissal and asserted that the suggestion of bankruptcy had *1077 stayed the action and that the trustee in bankruptcy was the proper person to have received service of the motion to dismiss and notice of hearing.
On June 15, 1988, the trial court entered its order vacating the dismissal upon the ground that the action had been stayed by the filing of the suggestion. That holding is in error because the automatic stay provisions of section 362 of the Bankruptcy Code, 11 U.S.C. § 362(a), apply only to actions brought against a debtor in bankruptcy. Ass’n of St. Croix Condominium Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir.1982); Trans Caribbean Lines, Inc. v. Tracor Marine, Inc., 49 B.R. 360 (Bankr.S.D.Fla.1985).
Therefore, we reverse the order vacating the dismissal and remand to the trial court with directions to dismiss this action without prejudice for lack of prosecution.
LEHAN, A.C.J., and ALTENBERND, J., concur.