OPINION OF THE COURT
Joseph Harris, J.
Defendant, New York Telephone Company, moves for dismissal of plaintiffs’ action, pursuant to CPLR 3012 (b), for plaintiffs’ failure to serve a complaint on demand.
Plaintiffs commenced the instant action, seeking damages for breach of contract, breach of implied contract, restraint of trade and commerce, and R.I.C.O., by service of a summons on defendant New York Telephone Company on April 4,1990. On April 20, 1990, defendant served plaintiffs with a demand for a complaint. Despite further inquiries by the defendant, plaintiffs have failed to serve a complaint in compliance with defendant’s demand.
Plaintiffs contend that they are not obligated to serve a complaint in that defendant is precluded from moving to *650 dismiss plaintiffs’ action by the automatic stay in bankruptcy.*
Contrary to plaintiffs’ position, the automatic stay imposed by 11 USC § 362 (a) is inapplicable to suits by a bankrupt or debtor (see, Martin-Trigona v Champion Fed. Sav. & Loan Assn., 892 F2d 575; In re Berry Estates v State of New York, 812 F2d 67), and does not bar a defendant in a debtor’s suit from seeking dismissal of that suit (Martin-Trigona v Champion Fed. Sav. & Loan Assn., supra).
Accordingly, for the foregoing reasons, defendant New York Telephone Company’s motion to dismiss plaintiffs’ action is granted.

 In 1988, plaintiff Drax Services, Ltd./Westrail filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Plaintiff One Westminister Co., Inc. has apparently filed for chapter 11 reorganization. On March 29, 1990 plaintiffs filed a notice to creditors of automatic stay with the Albany County Clerk’s office.