[No. B093075. Second Dist., Div. Five. Apr. 29, 1996.]

JAYENDRA A. SHAH et al., Plaintiffs and Appellants, v.
GLENDALE FEDERAL BANK et al., Defendants and Respondents.

**COUNSEL**

Jayendra A. Shah and Usha J. Shah, in pro. per., for Plaintiffs and Appellants.

Howard Everakes and Stephen T. Hicklin for Defendants and Respondents.

**OPINION**

**TURNER, P. J.—** ██ This case presents the question whether the automatic stay resulting from plaintiffs' and appellants' bankruptcy petition precludes our disposition of this appeal. There is no California decisional authority directly on point. However, the federal circuit courts of appeals have held the automatic stay provision (11 U.S.C. § 362(a)(1)) is inapplicable to an appeal in a lawsuit *initiated by* the debtor (rather than *against* the debtor) in the lower court, regardless of the appellate posture of the case. We conclude the automatic stay provision is inapplicable because the debtors *commenced* this action in the superior court and have filed the notice of appeal.

Jayendra A. Shah and Usha J. Shah, plaintiffs, filed this action alleging breach of contract and tort causes of action against Glendale Federal Bank and Verdugo Service Corporation. While the action was pending in the superior court, plaintiffs filed a petition under chapter 11 of the Bankruptcy Code. (11 U.S.C.) Thereafter, the superior court entered an order dismissing plaintiffs' complaint and denied their reconsideration motion. Plaintiffs appealed from those orders. Presently before us is plaintiffs' motion to "delay or extend" the briefing on appeal due to the automatic stay resulting from the commencement by them of bankruptcy proceedings.

██ Because we are applying a federal statute, we follow rules of statutory construction enunciated by the United States Supreme Court. In *Kaiser Aluminum & Chemical Corp.* v. *Bonjorno* (1990) 494 U.S. 827, 835 [108 L.Ed.2d 842, 852, 110 S.Ct. 1570], quoting from *Consumer Product Safety Comm'n* v. *GTE Sylvania* (1980) 447 U.S. 102, 108 [64 L.Ed.2d 766, 772, 100 S.Ct. 2051], the United States Supreme Court held: "The starting point

for interpretation of a statute 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " (494 U.S. at p. 835 [108 L.Ed.2d at p. 852].) The United States Supreme Court has noted that ". . . the statutory language controls its construction" (*Ford Motor Credit Co.* v. *Cenance* (1981) 452 U.S. 155, 158, fn. 3 [68 L.Ed.2d 744, 749, 101 S.Ct. 2239]) and that " '[t]here is, of course, no more persuasive evidence of the purpose of a statute than the words by which the [L]egislature undertook to give expression to its wishes.' " (*Griffin* v. *Oceanic Contractors, Inc.* (1982) 458 U.S. 564, 571 [73 L.Ed.2d 973, 980-981, 102 S.Ct. 3245].) In interpreting a statute, the United States Supreme Court has noted: " 'In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy.' [Citations.] Our objective in a case such as this is to ascertain the congressional intent and give effect to the legislative will." (*Philbrook* v. *Glodgett* (1975) 421 U.S. 707, 713 [44 L.Ed.2d 525, 532-533, 95 S.Ct. 1893].) On another occasion, the court stated, "We do not, however, construe statutory phrases in isolation; we read statutes as a whole." (*United States* v. *Morton* (1984) 467 U.S. 822, 828 [81 L.Ed.2d 680, 688, 104 S.Ct. 2769], fn. omitted.) Further, in interpreting a statute, the Supreme Court has emphasized the importance of avoiding: "absurd results" (*United States* v. *Turkette* (1981) 452 U.S. 576, 580 [69 L.Ed.2d 246, 253, 101 S.Ct. 2524]); " 'an odd result' " (*Public Citizen* v. *Department of Justice* (1989) 491 U.S. 440, 454 [105 L.Ed.2d 377, 392, 109 S.Ct. 2558]); or "unreasonable results whenever possible." (*American Tobacco Co.* v. *Patterson* (1982) 456 U.S. 63, 71 [71 L.Ed.2d 748, 757, 102 S.Ct. 1534].) Moreover, the Supreme Court has noted, "Judicial perception that a particular result would be unreasonable may enter into the construction of ambiguous provisions, but cannot justify disregard of what Congress has plainly and intentionally provided." (*Commissioner* v. *Asphalt Products Co., Inc.* (1987) 482 U.S. 117, 121 [96 L.Ed.2d 97, 102, 107 S.Ct. 2275].) In *Griffin* v. *Oceanic Contractors, Inc.*, *supra*, 458 U.S. at page 571 [73 L.Ed.2d at p. 981], the court stated: "Nevertheless, in rare cases the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling . . . . [Citations.]" When a statute is unambiguous, its language cannot "be expanded or contracted by the statements of individual legislators or committees during the course of the enactment process. [Citation.]" (*West Virginia Univ. Hospitals, Inc.* v. *Casey* (1991) 499 U.S. 83, 98-99 [113 L.Ed.2d 68, 83, 111 S.Ct. 1138].)[1]

We conclude the automatic stay is inapplicable to this appeal. First, we look to the language of title 11 of the United States Code, section

---

[1]The California Supreme Court has adopted similar rules pertaining to the construction of statutes enacted by our Legislature. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 658-659 [25 Cal.Rptr.2d 109, 863 P.2d 179]; *People* v. *Jones* (1993) 5 Cal.4th 1142,

362(a)(1) (section 362(a)(1)). (*United States* v. *Ron Pair Enterprises, Inc.* (1989) 489 U.S. 235, 240-241 [103 L.Ed.2d 290, 298, 109 S.Ct. 1026].) With respect to the scope of the automatic stay provision, the language of the statute is clear and there is no uncertainty as to the legislative intent. The statute states: "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of— [¶] (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title . . . ." (Italics added.) California decisional authority holds, based on the plain language of section 362(a)(1), the automatic stay is inapplicable to superior court actions *initiated by* the debtor. (*Shorr* v. *Kind* (1991) 1 Cal.App.4th 249, 254-255 [2 Cal.Rptr.2d 192] [the automatic stay provision is inapplicable to an action brought by the debtor]; *A. Groppe & Sons Glass Co., Inc.* v. *Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 226-227 [283 Cal.Rptr. 352] ["a cause of action brought *by the debtor* is not tolled by the Bankruptcy Act"]; *Lauriton* v. *Carnation Co.* (1989) 215 Cal.App.3d 161, 164 [263 Cal.Rptr. 476] ["a debtor's cause of action is not tolled by the filing of a bankruptcy petition"]; *Danielson* v. *ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645, 652 [245 Cal.Rptr. 126] ["nothing in the Bankruptcy Act tolls a debtor's cause of action"].) However, those cases did not address the present issue—the effect of the automatic bankruptcy stay on an *appeal* by plaintiff-debtors. Nonetheless, the logic of those opinions is equally applicable here—plaintiffs commenced the present lawsuit. Defendants have not commenced or continued, to paraphrase the explicit language of section 362(a)(1), any judicial proceedings against plaintiffs.

Second, the conclusion the automatic stay provision is inapplicable to suits brought by the debtor is consistent with the policy behind section 362(a)(1)—protection of the debtor and of the creditors. As the Court of Appeals for the Seventh Circuit explained in *Martin-Trigona* v. *Champion Fed. Sav.* (7th Cir. 1989) 892 F.2d 575, 577: "[T]he policy behind the statute . . . is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S. Code Cong. &

1146 [22 Cal.Rptr.2d 753, 857 P.2d 1163]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Admin.News 1978, p. 5787."[2] The automatic stay provision was not intended to prevent debtors from prosecuting actions against others. (*Ibid.; Shorr* v. *Kind, supra,* 1 Cal.App.4th at p. 258 ["Appellant contends, and we agree, that the legislative history of 11 United States Code section 362, the automatic stay provision of the Bankruptcy Code, shows a congressional intent to stay proceedings against the debtor only."].)

The federal circuit courts have consistently held, relying on the language of the automatic stay provision and the policy underlying it, that section 362(a)(1) is applicable only to actions *against* the debtor; not to actions *brought by* the debtor. (*Koolik* v. *Markowitz* (2d Cir. 1994) 40 F.3d 567, 568; *In re Berry Estates* (2d Cir. 1987) 812 F.2d 67, 71; *Commerzanstalt* v. *Telewide Systems, Inc.* (2d Cir. 1986) 790 F.2d 206, 207; *Maritime Elec. Co., Inc.* v. *United Jersey Bank* (3d Cir. 1991) 959 F.2d 1194, 1203-1205, 1208, fn. 14; *Assoc. of St. Croix Condo. Owners* v. *St. Croix Hotel* (3d Cir. 1982) 682 F.2d 446, 448-449; *Matter of U.S. Abatement Corp.* (5th Cir. 1994) 39 F.3d 563, 568; *Freeman* v. *C.I.R.* (5th Cir. 1986) 799 F.2d 1091, 1093; *Cathey* v. *Johns-Manville Sales Corp.* (6th Cir. 1983) 711 F.2d 60, 61; *Martin-Trigona* v. *Champion Fed. Sav., supra,* 892 F.2d at pp. 577-578; *Victor Foods* v. *Crossroads Economic Development* (8th Cir. 1992) 977 F.2d 1224, 1226-1227; *Brown* v. *Armstrong* (8th Cir. 1991) 949 F.2d 1007, 1009-1010; *Parker* v. *Bain* (9th Cir. 1995) 68 F.3d 1131, 1135; *Nielsen* v. *Price* (10th Cir. 1994) 17 F.3d 1276, 1277, fn. 2; *Carley Capital Group* v. *Fireman's Fund Insurance Company* (D.C. Cir. 1989) 889 F.2d 1126, 1127 [281 App.D.C. 293].)[3]

---

[2] The report of the House Judiciary Committee stated, in pertinent part: "The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy. [¶] The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors. . . ." (1978 U.S. Code Cong. & Admin. News, 5963, 6296-6297.)

[3] The bankruptcy courts agree. (E.g., *In re White* (9th Cir. 1995) 186 Bankr. 700, 704; *In re Merrick* (9th Cir. 1994) 175 Bankr. 333, 336-337; *Mesiti* v. *Microdot, Inc.* (D.N.H. 1993) 156 Bankr. 113, 119, fn. 5; *Merchants & Farmers Bank of Dumas, Ark.* v. *Hill* (E.D.Ark. 1990) 122 Bankr. 539, 541; *In re Transportation Systems Intern., Inc.* (D.Minn. 1990) 110 Bankr. 888, 892, affd. on other grounds in *Lovett* v. *Honeywell, Inc.* (1991) 930 F.2d 625, 626; *Rett White Motor Sales Co.* v. *Wells Fargo Bank* (N.D.Cal. 1989) 99 Bankr. 12, 15; *Trans Caribbean Lines* v. *Tracor Marine, Inc.* (S.D.Fla. 1985) 49 Bankr. 360, 362; *Jefferson Ward Stores, Inc.* v. *Doody Co.* (E.D.Pa. 1985) 48 Bankr. 276, 278-279; *In re Regal Const. Co., Inc.* (D.Md. 1983) 28 Bankr. 413, 416; *In re Ideal Roofing & Sheet Metal Works, Inc.* (S.D.Fla. 1980) 9 Bankr. 2, 3.) Decisions in other states are also in agreement. (E.g., *Steeley* v. *Dunivant* (Ala.Civ.App. 1988) 522 So.2d 299, 300; *Home America, Inc.* v. *T & J Paving,*

The automatic stay is applicable at both trial and appellate levels. (*Cathey v. Johns-Manville Sales Corp.*, *supra*, 711 F.2d at p. 61.) Moreover, whether an action is "against the debtor" within the meaning of section 362(a)(1) is determined by the debtor's status at the inception of the action; regardless whether the debtor is the appellant or the respondent. (*Koolik v. Markowitz*, *supra*, 40 F.3d at p. 568; *In re Berry Estates*, *supra*, 812 F.2d at p. 71; *Teachers Ins. & Annuity Ass'n of America v. Butler* (2d Cir. 1986) 803 F.2d 61, 64-65; *Commerzanstalt v. Telewide Systems, Inc.*, *supra*, 790 F.2d at p. 207; *Assoc. of St. Croix Condo. Owners v. St. Croix Hotel*, *supra*, 682 F.2d at p. 449; *Freeman v. C.I.R.*, *supra*, 799 F.2d at pp. 1093-1094; *Marcus, Stowell & Beye v. Jefferson Inv. Corp.* (5th Cir. 1986) 797 F.2d 227, 230, fn. 4; *Cathey v. Johns-Manville Sales Corp.*, *supra*, 711 F.2d at pp. 61-62; *Farley v. Henson* (8th Cir. 1993) 2 F.3d 273, 275; *Ingersoll-Rand Financial Corp. v. Miller Min. Co.* (9th Cir. 1987) 817 F.2d 1424, 1426-1427; *Nielsen v. Price*, *supra*, 17 F.3d at p. 1277, fn. 2.)[4] As the Court of Appeals for the Ninth Circuit concluded in *Farley v. Henson*, *supra*, 2 F.3d at page 275, "to apply or not apply the automatic stay depending upon whether an appeal was taken 'against' or 'by' a debtor would be impractical and unworkable."

It follows, as the federal circuit courts of appeals have specifically held, that the automatic stay provision is inapplicable to an *appeal*, as here, commenced by debtor-plaintiffs. This is because the appeal is a *continuation*, within the meaning of section 362(a)(1), of an action *brought by* the debtor; rather than *against* the debtor.[5] The Court of Appeal for the Second Circuit has held: "An appeal is indisputably a continuation of a judicial action or

---

*Inc.* (Fla.Dist.Ct.App. 1989) 544 So.2d 1076, 1077; *Renges, Inc. v. PAC Financial Corp.* (Ind.Ct.App. 1987) 515 N.E.2d 563, 565; *Montgomery v. Milam* (Ky. 1995) 910 S.W.2d 237, 240; *Scarborough v. Duke* (La.Ct.App. 1988) 532 So.2d 361, 363; *Emerson v. A.E. Hotels, Inc.* (Me. 1979) 403 A.2d 1192, 1194; *Kuntz v. Lake Placid Olympic Organizing Committee of 1980, Inc.* (1990) 148 Misc.2d 649 [561 N.Y.S.2d 518, 519]; *Salem v. Central Trust Co., N.A.* (1995) 102 Ohio App.3d 672 [657 N.E.2d 827, 829-830]; *Harris v. Alexander Grant & Co.* (1990) 61 Ohio App.3d 172 [572 N.E.2d 226, 231]; *Greenberg v. Fincher & Son Real Estate, Inc.* (Tex.Ct.App. 1988) 753 S.W.2d 506, 506-507; *Hartford Leasing Corp. v. State* (Utah 1994) 888 P.2d 694, 698, fn. 4.)

[4]Decisional authority from other states is in agreement. (*Florida Eastern Dev. v. Len-Hal Realty* (Fla.Dist.Ct.App. 1994) 636 So.2d 756, 758; *Renges, Inc. v. PAC Financial Corp.*, *supra*, 515 N.E.2d at p. 565; *Carson Pirie Scott v. County of Hennepin* (Minn. 1993) 508 N.W.2d 200, 202; *Binek v. Ziebarth* (N.D. 1990) 452 N.W.2d 327, 328; *Harris v. Alexander Grant & Co.*, *supra*, 572 N.E.2d at p. 231; *Didio v. Philadelphia Asbestos Corp.* (1994) 434 Pa.Super. 191 [642 A.2d 1088, 1091-1092]; *Nautical Landings Marina v. First Nat.* (Tex.Ct.App. 1990) 791 S.W.2d 293, 295-296; *American Precision Vibrator Co. v. National Air Vibrator Co.* (Tex.Ct.App. 1989) 771 S.W.2d 562, 563.)

[5]Although the issue is not presently before us, we note that, with the exception of the Tenth Circuit, the federal Circuit Courts of Appeal have held the automatic stay provision *is*

proceeding, . . ." (*Commerzanstalt* v. *Telewide Systems, Inc., supra,* 790 F.2d at p. 207; *Cathey* v. *Johns-Manville Sales Corp., supra,* 711 F.2d at p. 61.) In *Parker* v. *Bain, supra,* 68 F.3d at page 1138, the Court of Appeals for the Ninth Circuit held a plaintiff-debtor's appeal from the dismissal of its action for breach of fiduciary duty and declaratory relief against the Bank of America was not stayed as the claim was by, not against, the debtor. *Alpern* v. *Lieb* (7th Cir. 1993) 11 F.3d 689, 689, involved a plaintiff's appeal from the dismissal of his suit in the district court. While the appeal was pending, the plaintiff filed a bankruptcy petition. He then moved to stay the appeal pursuant to the automatic stay provision. The court of appeals held: "The appeal from the dismissal of the plaintiff's suit is not subject to the automatic stay, because the suit was filed by rather than against the debtor." (*Id.* at p. 690.) The District of Columbia Circuit reached the same conclusion in *Carley Capital Group* v. *Fireman's Fund Insurance Company, supra,* 889

---

*applicable* to an appeal in an action where the debtor, who sought the protection of the bankruptcy courts, is the *defendant;* regardless whether the debtor is the appellant or the respondent. The appeal is stayed pursuant to section 362(a)(1) because the appeal is a continuation of an action originally brought *against* the debtor. (*Key Bank of Maine* v. *Tablecloth Textile Co. Corp.* (1st Cir. 1996) 74 F.3d 349, 354, fn. 9 [appeal by defendants-debtors]; *Teachers Ins. and Annuity Ass'n of America* v. *Butler, supra,* 803 F.2d at p. 65 [appeal by defendant-debtor]; *Commerzanstalt* v. *Telewide Systems, Inc., supra,* 790 F.2d at p. 207 [appeal by defendant-debtor]; *Assoc. of St. Croix Condo. Owners* v. *St. Croix Hotel, supra,* 682 F.2d at p. 449 [appeals by both plaintiff and defendant-debtor stayed]; *Marcus, Stowell & Beye* v. *Jefferson Inv. Corp., supra,* 797 F.2d at p. 230, fn. 4 [appeal by defendant-debtor]; *Cathey* v. *Johns-Manville Sales Corp., supra,* 711 F.2d at pp. 61-62 [appeal by defendant-debtor]; *Farley* v. *Henson, supra,* 2 F.3d at pp. 274-275 [appeal by defendant-debtor]; *Ingersoll-Rand Financial Corp.* v. *Miller Min. Co., supra,* 817 F.2d at pp. 1426-1427 [appeal by defendant-debtor]; *Ellison* v. *Northwest Engineering Co.* (11th Cir. 1983) 707 F.2d 1310, 1311 [defendant-debtor-respondent].) State courts in accord include: *Jimmy Lang's Auto Service* v. *Proctor* (Fla.Dist.Ct.App. 1995) 667 So.2d 334, 335, fn. 2; *Florida Eastern Dev.* v. *Len-Hal Realty, supra,* 636 So.2d at pp. 757-758; *Renges, Inc.* v. *PAC Financial Corp., supra,* 515 N.E.2d at p. 565; *Osborn* v. *Charles E. Scott Co., Inc.* (La.Ct.App. 1989) 538 So.2d 701, 702; *Star-Tel* v. *Nacogdoches Telecommunications* (Tex.Ct.App. 1988) 755 S.W.2d 146, 150.) The Court of Appeals for the Tenth Circuit has ruled to the contrary. (*In re Lyngholm* (10th Cir. 1994) 24 F.3d 89, 91-92 [appeal by defendant-debtor allowed pursuant to Bankruptcy Rules, rule 6009]; *Autoskill* v. *National Educational Support Systems* (10th Cir. 1993) 994 F.2d 1476, 1485-1486 [appeal by debtor-defendant allowed pursuant to Bankruptcy Rules, rule 6009, and where, in any event, bankruptcy court had lifted stay].) The Tenth Circuit approach has been followed in some states. (*Shop in the Grove* v. *Union Fed. S.&L. Ass'n* (Fla.Dist.Ct.App. 1982) 425 So.2d 1138, 1138-1139; *Carpenter* v. *Farm Credit Serv. of Mid-Am.* (Ind. 1995) 654 N.E.2d 1125, 1127-1128.) Other states have simply held an appeal or petition filed *by* a defendant-debtor is not an action *against* the debtor; in other words, they look to the parties' posture at the appellate level, rather than at the time the action was commenced. (*Knights of Columbus Fed. Cr. U.* v. *Salisbury* (1985) 3 Conn.App. 201 [486 A.2d 649, 656, fn. 10]; *McDuffie* v. *Hoobler* (1992) 203 Ga.App. 325 [416 S.E.2d 853, 854]; *Accredited Associates, Inc.* v. *Shottenfeld* (1982) 162 Ga.App. 575 [292 S.E.2d 417, 420]; *Marine Midland Bank* v. *Herriott* (1980) 10 Mass.App. 743 [412 N.E.2d 908, 910]; *Southern Bank and Trust Company* v. *Harley* (1988) 295 S.C. 423 [368 S.E.2d 908, 909].)

F.2d at pages 1126-1127. Plaintiff insureds had appealed from an adverse judgment in their action against their insurer. (*Id.* at p. 1127.) While the appeal was pending, the plaintiffs were forced into involuntary bankruptcy. (*Id.* at p. 1126.) The court of appeals held the automatic stay, provision had no effect on the disposition of the appeal. (*Id.* at p. 1127.)[6]

In the present case, the debtors are the plaintiffs who initiated this action in the superior court. The continuation of that action by way of this appeal is not "against the debtor" and is not subject to the automatic stay resulting from plaintiffs' bankruptcy. Accordingly, plaintiffs' motion to "delay or extend" the briefing on appeal due to the automatic stay in bankruptcy is denied. The opening brief is due in 20 days. The notice pursuant to rule 17(a) of the California Rules of Court is to be effective in 21 days. This order shall constitute the notice pursuant to rule 17(a) of the court rules.

Grignon, J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 18, 1996.

---

[6]State court decisions in accord include: *Salem* v. *Central Trust Co., N.A., supra,* 657 N.E.2d at pp. 829-830 [Ohio Ct.App. 1995]; *Thiel* v. *Thiel* (Tex.Ct.App. 1989) 780 S.W.2d 930, 930-931; and *Polello* v. *Knapp* (1993) 68 Wn.App. 809 [847 P.2d 20, 22-23].