Filed 9/1/20  Bauman v. Thrifty Payless CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

JORDANA BAUMAN,

      Plaintiff and Appellant,

      v.

THRIFTY PAYLESS, INC.,

      Defendant and Respondent.

D075900

(Super. Ct. No. 37-2011-00096614-CU-NP-CTL)

APPEAL from a judgment of the Superior Court of San Diego County, Richard E.L. Strauss, Judge.  Affirmed.

Jordana Bauman, in pro. per., for Plaintiff and Appellant.

Grimm, Vranjes & Greer, Gregory D. Stephan and Nima D. Shull for Defendant and Respondent.

In this personal injury action originally filed in 2011, self-represented plaintiff Jordana Bauman appeals a judgment entered after the trial court granted defendant Thrifty Payless, Inc.'s (Thrifty) motion for summary judgment.  The motion was granted after the court deemed admitted certain crucial facts that were the subject of requests for admission Bauman failed to respond to. Bauman also did not respond to the summary judgment motion.

On appeal she does not directly challenge either of these rulings. Instead, she seeks to contest various actions by the trial judge over the course of the litigation that she claims contributed to the ultimate result. Finding no merit to her arguments, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2011 Bauman filed a personal injury complaint against Thrifty based on injuries she sustained in a fall at the Rite Aid drug store owned and operated by Thrifty. The case was assigned to Judge Richard E. L. Strauss for all purposes. Roughly one month later, Bauman filed for protection under chapter 13 of the federal Bankruptcy Act. (11 U.S.C. § 1301 et seq.) Informed of this in January 2012, Judge Strauss stayed the state court action.

The initial stay remained in effect until June 2014. At that point, Judge Strauss lifted the stay and set a case management conference for September. Prior to that conference however, Bauman requested and the court granted an ex parte stay of discovery in the case as to her personally, setting a series of status conferences that were continued over the course of the next 12 months. Finally in October 2015, the case was deemed at issue, the discovery stay was lifted, and trial was set for May 2016.

The parties were engaged in disputes over discovery when, in January 2016, Bauman filed a new chapter 13 bankruptcy petition. Judge Strauss again ordered the state court action stayed and set a status conference for April, which was continued on successive occasions for nearly two and a half years. In the meantime, in May 2016 Bauman filed a peremptory challenge directed to Judge Strauss, which he summarily denied. (See Code Civ. Proc., § 170.6.)

On July 20, 2018, the bankruptcy court denied Bauman's motion to extend the automatic stay, which had expired on June 11. At the superior court status conference on September 28, Judge Strauss found there was no longer any automatic stay as a result of the bankruptcy action. Accordingly, he ordered Thrifty to re-serve Bauman with the discovery motions that were originally filed in January 2016 and set a hearing on the motions for November 2, 2018.

Bauman filed no timely opposition to Thrifty's discovery motions, which included various motions to compel as well as a request to deem certain facts admitted based on Bauman's failure to respond to requests for admission. Instead, on the date set for the hearing, she filed an "objection" to the motions along with a request for a continuance "as a special accommodation" pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) and California Rules of Court, rule 1.100.[1] Among other things, she claimed to be a "disabled" litigant who required extra time to respond. The court denied the objection and request as untimely and granted the unopposed discovery motions. It also imposed sanctions of $600 against Bauman in conjunction with the motions to compel.

Thrifty then filed a motion for summary judgment based on the fact that Bauman's "judicially deemed admissions establish that [she] cannot establish the elements of the causes of action alleged in her Complaint." Again, Bauman filed no timely opposition and the court granted Thrifty's unopposed motion. Judgment was entered accordingly.

---

[1] All subsequent rule references are to the California Rules of Court.

DISCUSSION

Sensitive to the challenges faced by self-represented litigants on appeal, we nonetheless summarize some basic rules of the appellate process. We start with a presumption that the judgment or order being appealed is correct. (E.g., *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) It is the appellant's burden to show the contrary. (*In re Marriage of Gray* (2002) 103 Cal.App.4th 974, 978.) To demonstrate error, the appellant's brief must present a coherent statement of the relevant facts supported by appropriate citations to the record. (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658; Rule 8.204(a)(1)(C).) The brief must also clearly articulate the appellant's legal arguments, accompanied by authority to support them. (Rule 8.204(a)(1)(B); *McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) As a corollary of these principles, it is the appellant's additional obligation to provide the court with a complete record of the relevant proceedings sufficient to support any claims of error. (E.g., *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)

In this case, Bauman's opening brief begins with a five-page statement of "background facts" that includes not a single citation to the record. Instead, it reads as a personal narrative of what Bauman thinks the case is about. The argument that follows bounces between several different ways in which Bauman believes the trial court mishandled the case, only occasionally supported by any legal authority and almost never connected to explaining why the court erred in granting the motion for summary judgment.

As best as we can discern, Bauman's arguments fall into three categories. She asserts: (1) as a result of the various bankruptcy stays, the trial court had no jurisdiction to schedule repeated status conferences during

4

the period between March 2014 and September 2018; (2) the court should have disqualified itself for bias and, in any event, mishandled the disqualification motion she filed; and (3) the court abused its discretion by denying her motions to stay or continue proceedings due to her disability. We address each set of arguments in turn. Finally, we explain why several additional contentions made by Bauman for the first time in her reply brief cannot be considered and, in any event, lack merit.

1.    *Status Conferences During a Pending Bankruptcy*

Bauman's action was effectively stayed between March 14, 2014 and October 30, 2015, and then again between January 25, 2016 and June 11, 2018. Bauman was not required to respond to discovery during these periods. On September 28, 2018 when it determined there was no longer any bankruptcy stay in effect, the court required Thrifty to re-serve Bauman with all outstanding discovery motions. It was Bauman's failure to respond to discovery requests served on her in November 2015—and in particular the requests for admission—that led to the court deeming certain critical facts admitted, and ultimately to the ruling granting Thrifty's motion for summary judgment.

Bauman does not challenge the court's finding that as of June 11, 2018, there was no longer any operative bankruptcy stay. Instead she complains she was "harass[ed]" by the trial court, which required her "to appear at all status conferences," typically scheduled once every six months, so that Judge Strauss could be updated on the status of the bankruptcy proceedings. According to Bauman, the court should have "just stopp[ed] everything until the *defendant* [wa]s able to report there are no more bankruptcies."

As a preliminary matter, it is not at all clear that Bauman's state court action in which she appeared *as a plaintiff* was stayed by the filing of a

5

bankruptcy petition. "California decisional authority holds, based on the plain language of [11 U.S.C.] section 362(a)(1), the automatic stay is inapplicable to superior court actions *initiated by* the debtor." (*Shah v. Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1375.) Bauman responds that a personal injury claim belongs to the estate and a debtor-plaintiff has no standing under federal law unless and until the bankruptcy trustee abandons the particular claim. Although Bauman might be correct as to a chapter 7 petitioner (see *Haley v. Dow Lewis Motors, Inc.* (1999) 72 Cal.App.4th 497, 511),[2] a chapter 13 debtor would appear to have standing to prosecute an action as a plaintiff. (See, e.g., *Smith v. Experian Information Solutions, Inc.* (N.D.Cal., Apr. 26, 2017, No. 16-cv-04651-BLF) 2017 U.S. Dist. Lexis 63548, *24–*25; *Foronda v. Wells Fargo Home Mortgage, Inc.* (N.D.Cal., Nov. 26, 2014, No. 14-CV-03513-LHK) 2014 U.S. Dist. Lexis 165676, *10–*11.)

In any event, Bauman cites no authority for the proposition that an automatic bankruptcy stay precludes a state court from conducting periodic conferences simply to ascertain the status of the bankruptcy proceedings. More importantly, perhaps, she never explains how she was harmed by the status conferences or how they in any way contributed to the court's later decision to grant summary judgment against her. Under these circumstances, Bauman has failed to show that any purported error in conducting status conferences while proceedings were stayed affected the ultimate result.

---

[2] The principal cases relied on by Bauman both involved chapter 7 petitions. (See *Lane v. Vitek Real Estate Industries Group* (E.D.Cal. 2010) 713 F.Supp.2d 1092, 1097; *In re Corbett* (Bankr. E.D.Cal., Mar. 14, 2016, No. 08-10861-A-7) 2016 WL 1045667, at *2.)

2. *Attempt to Disqualify Judge Strauss*

Apparently believing that the periodic status conferences reflected a bias against her, in May 2016 while this matter remained stayed Bauman sought to disqualify Judge Strauss by filing a peremptory challenge pursuant to Code of Civil Procedure section 170.6.[3] The challenge was summarily denied, presumably as untimely. (See § 170.6, subd. (a)(2) ["If directed to the trial of a civil cause that has been assigned to a judge for all purposes, the motion shall be made . . . within 15 days after notice of the all purpose assignment"].) Citing section 170.3, subdivision (c)(5), Bauman claims Judge Strauss erred in failing to refer her challenge to a different judge for action.

Bauman misunderstands the scope of subdivision (c)(5) of section 170.3. It relates to challenges *for cause* based on the grounds specified in section 170.1. Pursuant to subdivision (c)(1) of section 170.3, a party who believes there are grounds for disqualification may advise the judge by filing a verified statement setting forth those grounds. In response, the judge may voluntarily consent to disqualification without conceding the adequacy of the grounds. (§ 170.3, subd. (c)(2) & (3).) If he or she does not consent, however, the judge must file a verified answer to the disqualification statement admitting or denying the allegations. (§ 170.3, subd. (c)(3).) At that point, according to the statute, the challenged judge "shall not pass upon his or her own disqualification." (§ 170.3, subd. (c)(5).) Instead, "the question of disqualification shall be heard and determined by another judge." (*Ibid.*)

But Bauman never sought to disqualify Judge Strauss for cause pursuant to section 170.1. The type of challenge Bauman filed in this case— a peremptory challenge under section 170.6—utilizes a very different procedure. It is based not on specific statutory grounds, but on a party's

---

[3] All statutory references are to the Code of Civil Procedure.

*belief* that the judge cannot be fair and impartial. (§ 170.6, subd. (a)(6).) There is no hearing on the adequacy of the purported basis for the party's belief. (*Maas v. Superior Court* (2016) 1 Cal.5th 962, 972 [no requirement that challenging party "prove facts showing that the judge is *actually* prejudiced"].) If timely and in proper form, the judge must accept the challenge and ask to have the case reassigned. (§ 170.6, subd. (a)(4); *The Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) Thus, in the case of a peremptory challenge, the challenged judge decides the timeliness and procedural adequacy of the challenge. If proper, it must be granted; there is nothing left to refer to a different judge.

Moreover, even if Bauman were correct, her appellate claim is foreclosed. A petition for writ of mandate is the exclusive means to challenge the erroneous denial of a peremptory challenge under section 170.6. (*People v. Hull* (1991) 1 Cal.4th 266, 268.) Parties are not permitted to wait until entry of an adverse judgment, as Bauman did here, and then contest the denial of their section 170.6 challenge on appeal. (*Hull*, at p. 273.) Thus, both substantively and procedurally, Bauman's disqualification contention fails.

3.     *Failure to Stay or Continue Based on Bauman's Alleged Disability*

With the last bankruptcy stay having expired in June, on September 28, 2018 Judge Strauss ordered Thrifty to re-serve pending discovery motions that were originally filed in January 2016, setting a new hearing date on

8

those motions for November 2.[4] Bauman filed no opposition to these motions. Instead, on the date set for the hearing she filed an "objection" to the motion that included a request for a 90-day continuance of the hearing as a special accommodation due to her alleged disabilities. (See Rule 1.100.) Bauman made reference to "multiple brain injuries" that she claimed "severely impair[] her eyesight and her mobility," and she offered to provide supporting medical records within 60 days if given leave to do so. The court denied the request as untimely.

Rule 1.100 "governs requests for accommodations by persons with disabilities." (*In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1272.) It is designed to further California's important public policy of ensuring "that persons with disabilities have equal and full access to the judicial system." (Rule 1.100(b).) To accomplish that goal, the rule provides a framework for requesting accommodations that will ameliorate the effect of disabilities on persons appearing before California courts. In particular, rule 1.100(c)(3) specifically provides that "[r]equests for accommodation must be

---

[4] In her reply brief, Bauman complains she had insufficient time to respond to Thrifty's discovery requests, pointing out that the court set the new hearing 35 days later and asserting that "all other parties are normally allowed 30 days just to answer discovery." Bauman confuses the time for responding to discovery *requests* with the time for responding to a discovery *motion*. Thrifty's discovery requests were originally served on Bauman in early November 2015 when no stay was in effect. Discovery issues were the subject of an ex parte conference with the court on January 14, 2016. A new stay may have arisen nearly three months later on January 25, 2016 when Bauman filed a new bankruptcy petition, but as we have explained that stay expired at least by June 11, 2018. Thus, even excluding time during which this action might have been stayed as a result of proceedings in bankruptcy court, Bauman had substantially more than 30 days to respond to discovery requests before the discovery motions were re-served in October 2018.

9

made as far in advance as possible, and in any event must be made no fewer than 5 court days before the requested implementation date."

In this case, Bauman filed her request for accommodation *on the date of the hearing* she wished to continue. Although the rule grants the court discretion to consider accommodation requests made with less than five days' notice, it had no obligation to do so. And we can hardly say the court abused its discretion in denying Bauman's untimely request. The case had already been pending for more than seven years, albeit stayed for most of that time. Moreover, Bauman's request is framed in broad generalities. Her claimed disability allegedly arises from the slip-and-fall accident that forms the underlying basis for her lawsuit. It took place in 2010. She provided no specific details on why she was unable to file a timely opposition to Thrifty's motions. Perhaps more importantly, she offered no explanation why she had to wait until the date of the hearing to make her request for a continuance. Coupled with concerns expressed by the bankruptcy court, we can understand why Judge Strauss might conclude the untimely accommodation request was merely another in a series of delaying tactics.

4.     *Other Contentions*

In her reply brief, Bauman contends that her failure to oppose Thrifty's motion for summary judgment should be excused because she was not served with the moving papers. She refers to one sentence in her opening brief, suggesting it was sufficient to alert Thrifty to the issue, and maintains that Thrifty's failure to address the point amounts to a concession that service was not proper.

Nothing in Bauman's opening brief fairly argues that the trial court erred in granting Thrifty's motion for summary judgment because she was not properly served. None of the five "Issues on Appeal" mentions service of

10

the motion.  Indeed, only one of the five even includes the words "summary judgment," and then only in the context of asserting that the court erred in refusing to consider her request for a continuance as accommodation of her disabilities, which "would have avoided" a ruling on the summary judgment motion.

In arguing a contrary interpretation, Bauman refers to a statement on page 13 of the opening brief.  It appears in the context of recounting the many ways in which the trial court allegedly harassed her during the course of the litigation.  Attempting to explain the dire straits she found herself in, she describes (without citation to the record) how at the same time as she was prosecuting this case she was also defending against a foreclosure action on her home brought by Wells Fargo Bank.  "This was," she says, "at the same time [Thrifty] moved for summary judgment."  She then adds, "This was further complicated by the failure of [Thrifty's] counsel to serve their motion for summary judgment, and by the plaintiff's inability to remember that this case even existed while she was fighting for her life against the fraudulent Foreclosure sale of her home . . . ."  Again, there is no record reference to support the assertion.

It is well settled that arguments made for the first time in a reply brief are not properly considered absent a good explanation why they were not made earlier.  (See, e.g., *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335.)  Bauman provides no such explanation, nor does she offer even belated record support for her assertion.  As we have previously noted, Bauman's arguments in her opening brief were almost entirely disconnected from the court's summary judgment ruling, and the reply brief cannot be the first occasion where the appellant finally connects the dots.

Even were we to consider her contention on the merits, it would fail for at least two reasons. First, the claim is forfeited because Bauman never brought this alleged service deficiency to the attention of the trial court. It is a fundamental rule of appellate procedure that absent exceptions not applicable here, an appellant will not be heard to complain about claims of error that were not first raised in the trial court. (See, e.g., *Walker v. Apple, Inc.* (2016) 4 Cal.App.5th 1098, 1113.) Second, the appellate record affirmatively refutes her assertion. It includes a declaration of service, signed under penalty of perjury, attesting to proper service on Bauman. Bauman cannot, by a naked assertion in her brief unsupported by any proper citation, contradict the record.[5]

Also for the first time in her reply brief, Bauman disputes the fact that she failed to respond to Thrifty's discovery requests, which then led to the court granting Thrifty's motion for summary judgment. In support of her assertion, she requests that this court take judicial notice of a clerk's rejection letter dated November 30, 2018 that Bauman claims she received after she attempted to file a document dated November 13, 2018 and titled "Plaintiff's Provisional Response to Discovery." The document appears to bear a file stamp of November 15 that has been cancelled. The rejection letter explains that "Responses to Discovery shall be submitted to requesting party as they are not to be submitted to the Court."

Understanding that Thrifty raises numerous procedural and substantive reasons why Bauman's request for judicial notice is improper, we elect to assume without deciding that the clerk's rejection letter and attached

---

[5] It goes without saying that Thrifty's failure to specifically address Bauman's unsupported factual assertion in her opening brief, unconnected as it is to the substance of her argument in that brief, does not amount to a concession of its accuracy.

"Provisional Response" can be judicially noticed.[6] At most these documents indicate that two weeks *after* the court's ruling on Thrifty's discovery motions to which Bauman failed to timely respond, she made an inadequate and untimely attempt to respond to the discovery requests that were the subject of the motions the court had already decided. Informed that discovery responses—untimely or otherwise—were not properly filed with the court, Bauman took no further action by filing a motion for reconsideration of the court's November 2 ruling or in any other way. Nor did she respond to the pending motion for summary judgment. Bauman thus fails to establish any error by the trial court as to either the discovery motions or the subsequent summary judgment motion.

---

[6] We reject Bauman's request for judicial notice as to the other three documents she submits, two orders from other superior court judges in unrelated cases and what appears to be a PACER system docket listing of bankruptcies pursued by Bauman between 2010 and 2018. All are either irrelevant or unnecessary to the resolution of this appeal. (See *Clark v. McCann* (2015) 243 Cal.App.4th 910, 917, fn. 4.)

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to its costs on appeal.

DATO, J.

WE CONCUR:


AARON, Acting P. J.


GUERRERO, J.