Filed 8/11/22  Deen v. Kreditor CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ISHA DEEN,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>EOIN KREDITOR et.al.,<br><br>  Defendants and Respondents. | G059670<br><br>(Super. Ct. No. 30-2018-01022313)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Theodore Howard, Judge.  Affirmed.

Isha Deen, in pro. per., Todd Daniel Beld Professional Corporation and Todd Daniel Beld for Plaintiff and Appellant.  [*Retained*.]

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Christina M. Guerin for Defendants and Respondents.

\*                \*                \*

Isha Deen appeals from the judgment dismissing the lawsuit she and her spouse, Kevin Khwaja, filed against Eoin Kreditor, Fitzgerald Yap Kreditor, LLP (collectively Kreditor), David Lawrence, and Natalie Fitzgerald for failure to prosecute.[1] Deen argues the trial court lacked jurisdiction to dismiss the case because (1) she gave notice of an automatic stay following her declaration of bankruptcy, and (2) she had given notice of its removal to the federal bankruptcy court. We find no error and affirm the judgment.

The automatic bankruptcy stay that Deen references applies only in cases where the bankruptcy debtor is a defendant. Because Deen was the plaintiff in this case, her bankruptcy declaration did not automatically stay this action. As for the removal, Kreditor argues that the removal never actually occurred, but we need not decide that point because even if it did, Deen agrees that both her bankruptcy case and the related action she sought to pursue by removing this case were subsequently dismissed by the federal bankruptcy court without any remand to the trial court. And Deen herself argues that the federal court's dismissal without remand to the state court had the effect of dismissing this case in the trial court as well.

So, both sides agree the case was dismissed; they differ only on the details of how that came about. We agree.

---

[1] David Lawrence and Natalie Fitzgerald were named as defendants in this action but did not make an appearance in the appeal.

## FACTS

In September 2018, Deen and Khwaja (plaintiffs), filed a form complaint for malpractice, personal injury, breach of fiduciary duty and breach of contract[2] against defendants. However, they did not serve the complaint on any defendant.

The court scheduled a case management conference (CMC) for January 28, 2019; plaintiffs sought a continuance of the CMC to pursue mediation on January 8. On January 16, plaintiffs filed a notice of stay of proceedings pursuant to arbitration of attorney fees and costs. The court continued the CMC several times.

Kreditor made a special appearance in connection with the September 13, 2019 CMC to explain the status of the fee arbitration to the court. The court again continued the CMC at the request of plaintiffs.

On September 28, Deen filed a voluntary petition under chapter 13 of the Bankruptcy Code. She followed that with a notice of a purported automatic stay, pursuant to 11 U.S.C. section 362.

Kreditor again appeared specially at the October 25, 2019 CMC. Counsel informed the court she was willing to accept service of the complaint on behalf of the named defendants; the court ordered plaintiffs to serve the complaint and issued an order to show cause re: sanctions based on their failure to comply with the requirement of California Rules of Court, rule 3.110, which requires service of the complaint within 60 days of its filing.

On November 18, 2019, plaintiffs filed an ex parte motion to "enforce" the bankruptcy stay, but did not notify Kreditor. On November 21, 2019, the court granted the motion and vacated the CMC and order to show cause scheduled for November 22,

---

[2]     These are the causes of action identified in the form complaint. However, the complaint does not include the required additional pages in which the facts of each cause of action would have been stated.

2019.  The court then scheduled a CMC for February 21, 2020, to monitor the status of the bankruptcy.

In December 2019, Deen filed a notice of petition for removal of this case to the bankruptcy court.  An adversary proceeding was then commenced pursuant to Deen's petition for removal.

Kreditor again appeared specially at the February 21, 2020 CMC and pointed out that the automatic bankruptcy stay did not apply to cases in which the bankruptcy debtor was the plaintiff.  The court agreed and voided its order "enforc[ing]" the stay of this case.  Plaintiffs requested that the court remove the case to the federal bankruptcy court, but the court denied that request.  The court also reissued its order to show cause re: sanctions for plaintiffs' failure to prosecute the case and continued the CMC to March 27, 2020.

On March 16, 2020, a notice of removal to the bankruptcy court was filed in the trial court on behalf of plaintiffs, apparently by the attorney representing Deen in her bankruptcy case.  However, that attorney filed an emergency motion to be relieved as Deen's counsel a week later, alleging that plaintiffs had filed that removal document in her name, without her permission.

The order to show cause hearing was continued to June, and then again to September 2020.  Kreditor again appeared specially in connection with the September 2020 order to show cause hearing, and moved for dismissal of the case.  Kreditor argued dismissal was appropriate based on plaintiffs' failure to prosecute the action, and because both Deen's bankruptcy case and the related adversary proceeding had since been dismissed in the federal court at Deen's request.

Deen opposed the motion to dismiss, asking the court to take judicial notice of the fact the federal court had issued a notice of dismissal of her case, without prejudice, and that her related adversary proceeding was also dismissed without remand. Her argument was that the trial court lacked jurisdiction and could not take any action.

4

Following the order to show cause hearing in September 2020, the court dismissed the case without prejudice. It subsequently entered a judgment of dismissal.

## DISCUSSION

Deen contends the court lacked jurisdiction to dismiss the case because (1) she filed a notice of stay in connection with her bankruptcy case, and (2) she removed the case to the federal bankruptcy court.

The first argument fails because the notice of stay that Deen filed claimed the case was "stayed under 11 USC Sec. 362." That statute only imposes a stay of cases filed *against* the bankruptcy debtor. It has no effect on cases such as this one, where the debtor is the plaintiff. Specifically, the statute states that the filing of a petition "operates as a stay, applicable to all entities, of— [¶] (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim *against the debtor* that arose before the commencement of the case under this title." (11 U.S.C. § 362, subd. (a)(1) (italics added); see *Shah v. Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1376 ["The federal circuit courts have consistently held, relying on the language of the automatic stay provision and the policy underlying it, that section 362(a)(1) is applicable only to actions *against* the debtor; not to actions *brought by* the debtor"].) Thus, Deen's bankruptcy filing did not automatically stay this case.

Deen's reliance on the notice of removal of the action appears to raise a more complicated issue, but no matter how that issue is analyzed, it results in dismissal of this case.

Deen contends the case was removed to the federal bankruptcy court, which deprived the trial court of jurisdiction to take any action thereafter, including ordering the case dismissed. Kreditor counters with the assertion that Deen's claimed removal never

5

happened. Kreditor argues Deen's first notice of removal was not filed, and her second notice of removal was a fraudulent and unauthorized filing that prompted her bankruptcy counsel to withdraw from representing her.[3] Consequently, in Kreditor's view, the trial court never lost jurisdiction to the bankruptcy court by way of removal.

We need not wade into the complexities of what constitutes a bona fide removal for this simple reason: it is undisputed that both Deen's bankruptcy case and the related adversary proceeding she filed against Kreditor were later dismissed by the bankruptcy court without any remand. Moreover, Deen herself cites *Allstate Ins. Co. v. Superior Court* (1982) 132 Cal.App.3d 670, 676 (*Allstate Ins. Co.*) for the proposition that when a case was removed to the bankruptcy court, and that court subsequently dismisses the case without remanding it back to the superior court, the superior court case is automatically dismissed as well.

Deen argues *Allstate Ins. Co.* supports her appeal because it demonstrates the superior court cannot "resume" jurisdiction if the case was never remanded to it—and thus had no authority to dismiss it. But Deen's argument is really that the trial court could not dismiss the case in September 2020 because it had already effectively been dismissed.

One of the fundamental rules of appellate review is that "[a] judgment or order of a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness." (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) Thus, we infer "that the trial court impliedly made every factual finding necessary to support its decision." (*Fladeboe v. American Isuzu Motors*

---

[3] Deen argues Kreditor cannot argue on appeal that the removal was improper because the only remedy for an improperly removed case is a motion for remand in the federal court. But Kreditor is not arguing this case was improperly removed, they are arguing it was not removed at all; their point is that the purported removal was more akin to a performative act than a legal procedure.

*Inc.* (2007) 150 Cal.App.4th 42, 48.)  We review the judgment, not the reasoning of the lower court.  A decision correct under applicable law will not be disturbed because it was rendered for a wrong reason.  (*Belair v. Riverside County Flood Control Dist.* (1988) 47 Cal.3d 550, 568.)

In this case, both sides agree dismissal was the proper outcome.  Kreditor contends it was proper because the trial court never lost jurisdiction and ordered the case dismissed; Deen contends it was proper because the bankruptcy court took jurisdiction and then dismissed both the bankruptcy case and the related adversary proceeding without a remand.  Because the result—a dismissal without prejudice—was correct under either theory, we need not decide which is right.  Whether the trial court's order is construed as effectuating a dismissal that had not yet occurred, or as acknowledging a dismissal that had already occurred, the result was correct.   We consequently affirm it.

## DISPOSITION

The judgment is affirmed.  Kreditor is to recover their costs on appeal.

GOETHALS, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

SANCHEZ, J.

7