[No. H006971. Sixth Dist. July 12, 1991.]

A. GROPPE & SONS GLASS CO., INC., Plaintiff and Appellant, v. FIREMAN'S FUND INSURANCE COMPANY, Defendant and Respondent.

222

## Counsel

Schleicher & Sargeant, Estella A. Schleicker and Kimball J. P. Sargeant for Plaintiff and Appellant.

Knecht, Haley, Lawrence & Smith, Michael J. Timpane and Frederick J. Northrop for Defendant and Respondent.

## Opinion

**COTTLE, J.**—Plaintiff A. Groppe & Sons Glass Company, Inc., appeals from a judgment entered after the trial court granted the motion of defendant Fireman's Fund Insurance Company to dismiss the action for failure to serve summons and complaint within two years. (Code Civ. Proc., §§ 583.410, 583.420, subd. (a)(1).)[1] We conclude the trial court did not abuse its discretion in granting this discretionary dismissal and, accordingly, we affirm the judgment.

### Facts

Defendant Dusan Slepcevic, the owner of certain real property in Gilroy, California, hired defendant Carl N. Swenson Co., a general contractor, to construct two commercial buildings on his land. Swenson, in turn, hired plaintiff to do the glass work and glazing of the buildings. For work and materials, plaintiff was to receive a total of $1,012,644.

Swenson did not pay plaintiff $427,843.56 due under the contract. On December 18, 1985, plaintiff filed and recorded a mechanic's lien for the unpaid balance. The lien was removed on January 17, 1986, when defendant Fireman's Fund Insurance Company recorded a mechanic's lien release bond

---

[1] Unless otherwise specified, all further statutory references are to the Code of Civil Procedure.

under Civil Code section 3143, undertaking to pay any sum plaintiff was owed.

On September 5, 1985, plaintiff filed a bankruptcy petition for reorganization pursuant to Chapter 11 of the United States Bankruptcy Code. At that point, title to all the corporation's assets, including causes of action, vested in plaintiff as the debtor in possession. (11 U.S.C. §§ 541, 1108.) On March 10, 1986, plaintiff filed the instant complaint for breach of contract and foreclosure of mechanic's lien. Plaintiff did not serve the complaint, however.

On May 21, 1986, a trustee was appointed to oversee plaintiff's reorganization. At that point, the trustee took charge of the corporation's affairs and Arthur Groppe, his sons, and other officers of the plaintiff corporation lost the ability to write checks.

The trustee asked plaintiff's counsel to file an amended complaint, correcting an error in the value of the materials claimed to have been furnished and the amount due from Swenson. This was done on September 2, 1986, but again the complaint was not served.

At some unspecified time after that, the trustee decided to stop prosecuting the lawsuit. According to Arthur Groppe, the trustee had referred the matter to his attorney for a legal opinion. That attorney apparently advised the trustee that the suit was not worth pursuing because defendants could assert cross-claims against plaintiff. We are not told when the decision to stop prosecuting the action was made. Groppe stated that he urged the trustee to continue with the lawsuit because he felt it had substantial merit.

In any event, on November 2, 1987, plaintiff's chapter 11 bankruptcy was converted to a liquidation proceeding pursuant to chapter 7 of the Bankruptcy Code. At that time a new trustee was appointed. On October 10, 1988, the new trustee conveyed plaintiff's cause of action to plaintiff's successor in interest.

On March 6, 1989, plaintiff served defendant Fireman's Fund with summons and copies of the March 10, 1986, complaint and September 2, 1986, amended complaint. Dusan Slepcevic was served the next day.[2] Swenson, which had gone out of business, was never served.

On September 29, 1989, after giving plaintiff time to amend its complaint, Fireman's Fund filed its motion to dismiss for failure to bring the action to

---

[2]Subsequently, plaintiff filed a dismissal without prejudice as to Slepcevic.

trial within three years (§§ 583.410, 583.420, subd. (a)(2)(A)), failure to serve within two years (§§ 583.410, 583.420, subd. (a)(1)), and failure to bring an action to enforce a mechanic's lien to trial within two years (Civ. Code, § 3147). The court granted the motion based on the failure to serve within two years. In its order, the court noted, "[p]laintiff's primary explanation for the delay is the bankruptcy proceedings. The explanation does not provide a reasonable excuse for the delay under the circumstances of this case. Further, the vague reference to negotiations with Swenson's attorney do not explain the delay. The factors outlined in CRC 373 e indicate the matter should be dismissed."

## DISCUSSION

Section 583.420, subdivision (a)(1) gives a court discretion to dismiss a case for failure to serve a defendant within two years. In exercising its discretion, the court must consider, among other things, the statutory excuses that apply to mandatory motions for dismissal based on failure to serve summons within three years. (§ 583.420, subd. (b).)[3] Section 583.240, subdivision (d) provides that the period for service and return of summons is tolled for any time during which "[s]ervice, for any other reason, was impossible, impracticable, or futile due to causes beyond the plaintiff's control." This excuse "should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take necessary steps to preserve evidence." (Cal. Law Revision Com. com. to West's Ann. Code Civ. Proc., § 583.240 (1991 pocket supp.) p. 47, Deering's Ann. Code Civ. Proc., § 583.240 (1991 pocket supp.) p. 105.); see also *Valerio* v. *Boise Cascade Corp.* (1986) 177 Cal.App.3d 1212, 1220 [223 Cal.Rptr. 592].)

When a trial court has ruled on a motion to dismiss for failure to serve, a reviewing court may not substitute its opinion for that of the trial court and thereby divest it of its discretionary power unless a clear case of abuse is shown and unless there has been a miscarriage of justice. (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 331 [216 Cal.Rptr. 718, 703 P.2d 58].) Moreover, the trial court has broad discretion in determining whether one of the statutory excuses has been proved by plaintiff. (*Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 436 [96 Cal.Rptr. 571, 487 P.2d 1211].) Discretion " 'is abused whenever the court exceeds the bounds of

---

[3]Service in this case was effected just four days short of the time for mandatory dismissal. Accordingly, the discretionary dismissal rules apply.

reason, all of the circumstances being considered. [Citations.]' " (*Barajas* v. *USA Petroleum Corp.* (1986) 184 Cal.App.3d 974, 987-988 [229 Cal.Rptr. 513]; *Lopez* v. *Larson* (1979) 91 Cal.App.3d 383, 404 [153 Cal.Rptr. 912].) The burden is on the plaintiff to establish an abuse of discretion. (*Denham* v. *Superior Court, supra,* 2 Cal.3d at p. 566; *Clark* v. *Stabond Corp.* (1987) 197 Cal.App.3d 50 [242 Cal.Rptr. 676].) Additionally, the plaintiff must show that he exercised reasonable diligence *throughout* the entire three-year (for mandatory dismissals) or two-year (for discretionary dismissals) period. (*Adelson* v. *Hertz Rent-A-Car* (1982) 133 Cal.App.3d 221 [183 Cal.Rptr. 779].)

On appeal, plaintiff contends that its status as a debtor in chapter 11 bankruptcy proceedings rendered prosecution of this action "impossible, impracticable, or futile due to causes beyond the plaintiff's control." Plaintiff acknowledges that in the context of chapter 7 bankruptcy proceedings, the pendency of the bankruptcy petition does not toll the period for serving summons because the bankrupt has the means to force the trustee to prosecute the action or abandon it to the bankrupt. (*Danielson* v. *ITT Industrial Credit Co.* (1988) 199 Cal.App.3d 645 [245 Cal.Rptr. 126]; see also *Lauriton* v. *Carnation Co.* (1989) 215 Cal.App.3d 161 [263 Cal.Rptr. 476] [pendency of bankruptcy petition does not toll the period for complying with the five-year statute for the same reasons].) However, in this chapter 11 bankruptcy, plaintiff argues that there was nothing plaintiff could do from the time the chapter 11 trustee decided that further litigation was not in the estate's best interest[4] until a new trustee was appointed in November 1987 when plaintiff's bankruptcy proceedings were converted to chapter 7. We disagree.

The contentions in this case virtually mirror the contentions in *Danielson*, and we believe the outcome should be the same. In *Danielson*, plaintiffs argued "that the trial court should not have counted the two years, eleven months (or, at a minimum, eleven months) during which it was impossible for them to serve defendants . . . because the Danielsons' claim was an asset of the bankruptcy estate and they did not have standing to prosecute it." (199 Cal.App.3d at p. 655.) Here plaintiff argues that the trial court should not have counted the 17-month period during which the chapter 11 trustee controlled the cause of action during which it was impossible for plaintiff to serve defendants because plaintiff's claim was an asset of the bankruptcy estate and plaintiff did not have standing to prosecute it.

In response, the defendants in *Danielson* argued "that once the Danielsons filed the lawsuit, it was incumbent upon the Danielsons to petition the

---

[4]This decision could have been made as early as September 1986 or as late as October 1987. The record is silent on this important fact. See statement of facts, *ante,* pp. 223-224.

bankruptcy court to compel the trustee to maintain the action or authorize them to prosecute it, and thus service was within the Danielsons' control. [Citation.]" (199 Cal.App.3d at p. 656.) Here defendants respond that once plaintiff filed the lawsuit, it was incumbent upon plaintiff to petition the bankruptcy court to compel the trustee to maintain the action, and thus service was within plaintiff's control.

Plaintiff contends that two significant facts distinguish *Danielson* and chapter 7 bankruptcy proceedings generally from the instant case involving a chapter 11 bankruptcy. The first is that in a chapter 7 proceeding, there are two separate entities, the bankrupt and its estate, each having separate assets which can be used to finance litigation. Thus, in chapter 7 proceedings, the trustee may abandon the cause of action to the bankrupt if the trustee determines that litigation is not in the estate's interest. This is not possible in a chapter 11 proceeding. The second is that the trustee in chapter 11 proceedings directs ongoing business activities. If he has already decided that pursuing litigation would be detrimental to the reorganization plan, then debtors risk alienating him, "resulting in an increased likelihood of liquidation."

We do not believe that these distinctions explain plaintiff's lack of diligence in prosecuting the action during the 17-month period the chapter 11 trustee controlled the cause of action. In *Danielson*, the court noted that the plaintiffs could have sought relief from the bankruptcy court in any one of four ways: "(1) an order permitting the trustee to prosecute this lawsuit in the plaintiff's name [citation], (2) an order compelling the trustee to maintain the action [citation], (3) an order authorizing the Danielsons to prosecute the action on their own behalf, or (4) a formal order of abandonment. [Citations.]" (199 Cal.App.3d at p. 656.) Here plaintiff's options were concededly more limited. Nevertheless, it is undisputed that plaintiff could have sought an order compelling the trustee to maintain the action. If the bankruptcy court, deferring to the chapter 11 trustee's business judgment, denied the motion, then plaintiff would have made a record demonstrating that it was "impossible, impracticable, or futile due to causes beyond the plaintiff's control" to serve defendant.

If we accepted plaintiff's premise that it is always impossible for chapter 11 debtors to prosecute lawsuits opposed by the chapter 11 trustee, then we would be rewriting basic bankruptcy law. The United States Congress has established that the commencement or continuation of any legal proceeding *against the debtor* will be automatically stayed by the filing of a petition in bankruptcy, until adjudication or dismissal of the petition. (11 U.S.C. § 362.) However, a cause of action brought *by the debtor* is not tolled by the

Bankruptcy Act. We decline to carve an exception to this rule in the case of chapter 11 debtors whose trustee determines that litigation is not in the debtor's best interest.

Because plaintiff had means available to it to force prosecution of the action (or, alternatively, to make a record showing it was impossible for it to do so), plaintiff failed to demonstrate that service was "impossible, impracticable or futile" under the circumstances of this case. We conclude that plaintiff did not meet its burden of showing the trial court abused its discretion in failing to find the excuse of impossibility, impracticability or futility applied to the facts of this case. ■ Where, as here, plaintiff fails to establish abuse of discretion or that it exercised reasonable diligence throughout the entire period of time the case was pending, we need not reach the issue of whether the delay in service was prejudicial to defendant.

The judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied August 5, 1991, and appellant's petition for review by the Supreme Court was denied September 25, 1991.