[No. C012818. Third Dist. Aug. 24, 1993.]

JACK R. SCARZELLA, Plaintiff and Appellant, v.
LOUIS DeMERS et al., Defendants and Respondents.

**COUNSEL**

Eisen & Johnston, Jay-Allen Eisen, Marian M. Johnston, Karen Leaf and Ann Perrin Farina for Plaintiff and Appellant.

Hansen, Boyd, Culhane & Watson, David E. Boyd and Thomas L. Riordan for Defendants and Respondents.

**OPINION**

**BLEASE, Acting P. J.**—This is an appeal from a discretionary dismissal of an attorney malpractice action under Code of Civil Procedure sections 583.410 and 583.420, subdivision (a)(1), for failure to make service of summons on the defendant within two years after the action was commenced.[1] Plaintiff Jack Scarzella contends that the trial court abused its discretion in granting the motion for dismissal because the delay in service of summons was excused by the pendency of an appeal in the underlying wrongful termination action which is the subject of the malpractice claim. We will conclude that the mere pendency of such an appeal does not excuse a delay in the service of summons. We will affirm the judgment (order of dismissal).

### FACTS AND PROCEDURAL BACKGROUND[2]

Defendant Louis DeMers represented Scarzella in a wrongful termination of employment action in the Sacramento Superior Court. Scarzella prevailed, recovering a substantial judgment for compensatory and punitive damages against the corporation which was his former employer and, on a theory of wrongful interference with the contractual employment relationship, against the major stockholder of the corporation.

Both sides appealed; Scarzella was represented by new counsel on appeal. He contended, in pertinent part, that the trial court erred in instructing the

---

[1] All references to a section are to the Code of Civil Procedure.

[2] In the trial court Scarzella also presented waiver and estoppel theories in opposition to the motion to dismiss. As the contention on appeal is limited to the claim that delay in service to await the resolution of an appeal facts is a satisfactory excuse, we do not include a recitation of the facts pertinent to the other theories.

jury, that the damages awarded were insufficient under the evidence, and that the trial court erred in failing to award attorney fees and costs despite failure to plead and prove them as damages.

On February 22, 1988, during the pendency of the first appeal, Scarzella filed a complaint in propria persona initiating this malpractice action in the San Joaquin County Superior Court. The complaint does not disclose the nature of the claimed malpractice; it simply asserts that DeMers somehow injured Scarzella through malpractice. The prayer of the complaint seeks general damages and recovery of the attorney fees Scarzella incurred for appeal in the wrongful termination action.

On March 23, 1990, this court issued its opinion in the wrongful termination action, rejecting Scarzella's contentions and affirming the judgment with the exception of a punitive damages award against the corporation. Thereafter, Scarzella, represented by counsel, filed a motion to change the venue of the malpractice action to Sacramento, based on the declaration that "investigation" by his counsel "disclosed" that DeMers and his law firm were located in Sacramento.

On June 6, 1990, Scarzella filed a first amended complaint in the Sacramento Superior Court. The allegations reveal that Scarzella claims that malpractice committed by DeMers required the appeal of the wrongful termination action, caused him to lose an award of attorney fees and costs that he would otherwise have recovered, and caused the jury to award him inadequate damages. On June 22, 1990, Scarzella served DeMers with a summons and complaint in the malpractice action.

After DeMers successfully demurred a second amended complaint was filed in September 1990. DeMers answered in October and embarked upon discovery. In October 1991 DeMers filed a motion for discretionary dismissal for failure to serve the summons, as related, and for failure diligently to prosecute the action by bringing it to trial within three years of filing as required by section 583.420, subdivision (a)(2)(A).

As to the failure to complete service within two years, DeMers contended that Scarzella deliberately filed his action in an improper venue and failed to serve it within two years without excuse. DeMers asserted that the matter would effectively require a retrial of the original wrongful termination action, since Scarzella was seeking to recover amounts allegedly lost in that action because of claimed ineffective pleading and argument in that case. He noted that it was five years since the original trial and that the major stockholder defendant in that case had died in the interim.

Scarzella replied, in pertinent part, that he had a good, practical reason for failing to serve the summons, i.e., that he wanted to ascertain the outcome of the appeal in the wrongful termination action. He made the following averment: "I was advised that if the negligence action were not filed when it was, I may not have the right to pursue any claim of damage against DeMers after the [wrongful termination] action had been decided. I did not intend to pursue the negligence action against DeMers if I was successful on appeal, resulting in a retrial of all the issues or successful in obtaining attorney's fees and costs of the trial."

Scarzella also averred that the attorney representing him on the first appeal informed him that a representative of DeMers's insurance company learned of the complaint in the malpractice action before the disposition of that appeal. Scarzella later adduced deposition excerpts of Patrick O'Flaherty, an insurance investigator, that he had been retained by DeMers's malpractice carrier to investigate the existence of a malpractice claim by Scarzella against DeMers, and that in June 1989 he located the action and received a copy of the complaint that had been filed in San Joaquin County. The trial court granted the motion to dismiss the malpractice action for failure to complete service within two years after commencement. It opined that Scarzella had not adequately explained the filing in San Joaquin and the delay in moving the litigation to Sacramento. The trial court suggested this was done to evade local rules, adopted under the Trial Court Reduction Delay Act of 1986, requiring prompt service that would have been applied had the matter been filed in Sacramento.

This appeal followed the entry of judgment (order of dismissal).

### DISCUSSION

Scarzella contends that the trial court abused its discretion because the delay in service was excused by the pendency of the appeal in the wrongful termination action. He argues that waiting for the resolution of the appeal was good cause for delay because it would have resolved "the central legal issue" in the malpractice action, i.e., whether DeMers used incorrect procedures to plead and claim attorney fees and expert witness fees.

Scarzella relies on case law which holds that delay pending appeal is excusable for purposes of the statutes providing for mandatory dismissal for failure to bring a case to trial. DeMers replies that the standard for excusable delay is more stringent regarding the failure to make service, that delay pending an appeal is not an adequate excuse for such failure, and that the trial court did not abuse its discretion. DeMers has the more persuasive argument.

Discretionary dismissal is addressed by sections 583.410-583.430. Section 583.410 provides that "[t]he court may in its discretion dismiss an action for delay in prosecution . . . if to do so appears to the court appropriate under the circumstances of the case." It also provides that such dismissal shall be in accordance with the criteria provided in California Rules of Court, rule 373(e).[3] Section 583.420, subdivision (a)(1) provides that "[t]he court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred: [¶] (1) Service is not made within two years after the action is commenced against the defendant."

The statutory scheme is derived from the preexisting law. The California Law Revision Commission comment to section 583.420 provides in pertinent part: "Subdivision (a)(1) of Section 583.420 continues the substance of former Section 583(a) as it related to the authority of the court to dismiss for delay in making service. See, e.g., *Black Bros. Co.* v. *Superior Court* [1968] 265 Cal.App.2d 501 . . . ." (17 Cal. Law Revision Com. Rep. (1984) p. 905.) ■ We deem the comment entitled to substantial weight. (See *Sierra Nevada Memorial-Miners Hospital, Inc.* v. *Superior Court* (1990) 217 Cal.App.3d 464, 469 [266 Cal.Rptr. 50].) We look to *Black Bros. Co.* v. *Superior Court* (1968) 265 Cal.App.2d 501 [71 Cal.Rptr. 344] for guidance.

In *Black Bros. Co.* the complaint alleged that the defendant corporation was liable for a personal injury the plaintiff suffered at work for defectively manufacturing a machine involved in the accident. Plaintiff failed to serve the complaint until almost three years after it was filed. (265 Cal.App.2d at pp. 503-505.) The court of appeal directed dismissal of the action. The court reasoned essentially as follows.

■ The question is one of trial court discretion. (265 Cal.App.2d at p. 506.) The unexcused failure to serve a summons within the two-year period

---

[3]Rule 373(e) is as follows. "[Relevant matters] In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

prima facie constitutes a sufficient ground for dismissal. (*Ibid.*)[4] In such a case there is no requirement for an affirmative showing of prejudice. (*Id.* at p. 507.) Notice of the plaintiff's potential claim was unavailing; the defendant has no duty to act affirmatively but need only respond, beginning with the service of summons. (*Id.* at p. 508.) The pendency of the related worker's compensation proceedings was no excuse; "The proper procedure is to serve the summons within a reasonable time after the complaint is filed, and, if necessary, apply for a continuance in bringing the case to trial." (*Id.* at p. 509.) An unsupported claim that time was needed to develop the facts and law to permit service on the defendant was "meretricious." (*Ibid.*)

*Black Bros. Co.* supports the view that, as to service of summons, delay attributed to awaiting the outcome of related proceedings with a direct bearing on the action in which summons is not timely filed is not excusable per se. To the extent that is the reason given as an excuse, the trial court does not abuse its discretion if it grants the motion for dismissal.

Scarzella, however, relies upon *Stella v. Great Western Savings & Loan Assn.* (1970) 13 Cal.App.3d 732 [91 Cal.Rptr. 771], a case involving a discretionary dismissal for failure to bring a case to trial. *Stella* holds in that context that it is an abuse of discretion to dismiss the complaint where the excuse proffered is that the plaintiff delayed to await "the outcome of an appeal in another case raising common issues of fact and law substantially affecting the merits of plaintiff's case." *Stella* is one of a number of cases applying the impracticability exception under the case law standard, imported into the statutory dismissal scheme, of excusable delay on the ground that bringing an action to trial is "impossible, impracticable, or futile." (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 147, p. 453, and cases cited therein.) This case law affords no succor for Scarzella. It does not concern a discretionary dismissal for delay in the service of summons.

 Dismissal for failure to serve summons within two years under section 583.420, subdivision (a)(1), and dismissal for failure to bring the action to trial within the prescribed time under section 583.420, subdivision (a)(2), after the action is commenced, are both matters within the discretion

---

[4] The opinion says that such a prima facie ground for dismissal places a "burden" of showing diligent prosecution on the plaintiff. (265 Cal.App.2d at p. 507.) As noted in the California Law Revision Commission comment to section 583.420, insofar as this suggests that absent an affirmative showing of excuse by the plaintiff the trial court would be *required* to grant dismissal, this language was disapproved in *Denham v. Superior Court* (1970) 2 Cal.3d 557, 563 [86 Cal.Rptr. 65, 468 P.2d 193].

of the trial court. Although both are addressed in the same statute, the scope of discretion is not the same. ■ "The scope of discretion always resides in the particular law being applied, i.e., in the 'legal principles governing the subject of [the] action . . . .'" (*City of Sacramento* v. *Drew* (1989) 207 Cal.App.3d 1287, 1297 [255 Cal.Rptr. 704].) ■ As a comparison of *Black Bros. Co.* with *Stella* shows, the legal principles governing the failure to timely bring a matter to trial do not control the failure to timely serve summons.

The standard of excuse for delay in service of summons is more stringent than that applicable to a delay in bringing a matter to trial. This is shown, albeit somewhat obscurely, in the text of section 583.420, subdivision (b). It provides that the times prescribed in subdivision (a), after which dismissal may be granted, are to be computed in the manner provided under the statutes governing the time for mandatory dismissal. The contrast between the statutes to which section 583.420, subdivision (b) refers indicates that delay in service and delay in bringing the matter to trial after service are measured by different standards for excuse.

Section 583.340, subdivision (c) provides that the prescribed time within which trial is mandatory is tolled when doing so "was impossible, impracticable, or futile."

Section 583.240, subdivision (d), applicable to service of summons, adds to this standard that timely service: "was impossible, impracticable, or futile due to causes beyond the plaintiff's control. Failure to discover relevant facts or evidence is not a cause beyond the plaintiff's control for the purpose of this subdivision."

The difference in standards is explained in the California Law Revision Commission comment to subdivision (d) of section 583.240. "Subdivision (d) continues the substance of subdivision (f)(2) of former Section 581a. It is based on appellate decisions, but it also makes clear that there is only an excuse for causes beyond the plaintiff's control and that failure to discover relevant facts or evidence does not excuse compliance. This overrules *Hocharian* v. *Superior Court*, 28 Cal.3d 714, 621 P.2d 829, 170 Cal.Rptr. 790 (1981). The excuse of impossibility, impracticability, or futility should be strictly construed in light of the need to give a defendant adequate notice of the action so that the defendant can take the necessary steps to preserve evidence. Contrast Section 583.340 and Comment thereto (liberal construction of excuse for failure to bring to trial within a prescribed time). This difference in treatment is consistent with one aspect of the policy announced

in Section 583.130—plaintiff must exercise diligence—and recognizes that service, unlike bringing to trial, is ordinarily within the control of the plaintiff." (17 Cal. Law Revision Com. Rep., *supra*, at p. 933.)

Thus a higher standard is applicable to excuse a delay in service of process than is required to excuse a delay in bringing a case to trial under section 583.420, subdivision (b), i.e., higher than that of "impossible, impracticable, or futile" as construed in the case law such as *Stella, supra*. (See, e.g., *A. Groppe & Sons Glass Co., Inc.* v. *Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 224 [283 Cal.Rptr. 352].)

■ Scarzella submits that the policy requiring diligent prosecution by plaintiffs should be subordinated to the policy in favor of trial on the merits. He relies upon the provision of section 583.130 that: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, the policy favoring the right of parties to make stipulations in their own interest and the policy favoring trial or other disposition of an action on the merits are generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

This statement of policy is by its own description a general statement subject to contrary statutory provisions. It does not compel denial of the motion for dismissal for delay in service.

■ Scarzella's briefing suggests that the inherent prejudice attributed to failure to serve summons in a timely manner is lacking where, as here, the unserved defendant learns of the pendency of the complaint prior to service. We disagree. While such knowledge has a bearing on the exercise of discretion, that consideration is assigned to the judgment of the trial court. The knowledge that Scarzella had filed a complaint, obtained despite his subterfuge, is not equivalent to the notice provided by service of a summons and complaint. An action in which no process is served may never be activated, and, as *Black Bros. Co.* suggests, the defendant is not obliged to provoke or advance the litigation prior to the service of process. Prior to service the defendant cannot avail himself of discovery, the formal "necessary steps to preserve evidence." Moreover, the complaint on file was so nondescript that it gave no effective notice of the nature of Scarzella's claim.

For all the foregoing reasons, we conclude that Scarzella's contention of error is not meritorious.

The judgment (order of dismissal) is affirmed.

Nicholson, J., and Raye, J., concurred.