Filed 6/1/16  Universal Interactive v. Greenberg Traurig CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| UNIVERSAL INTERACTIVE, LLC, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> GREENBERG TRAURIG, LLP, <br><br> Defendant and Respondent. | G050338 <br><br> (Super. Ct. No. 30-2011-00452967) <br><br> O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert D. Monarch, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Winthrop Law Group and Reid A. Winthrop for Plaintiffs and Appellants.

Steptoe & Johnson, Michael P. McNamara, Bennet Evan Cooper, Dylan Ruga and David H. Kwasniewski; Jenner & Block and Michael P. McNamara for Defendant and Respondent.

\*          \*          \*

Plaintiffs Universal Interactive, LLC, Joel B. Shamitoff and Shamitoff Industries, Inc. (Plaintiffs) appeal from a judgment of dismissal in favor of defendant Greenberg Traurig, LLP (Defendant). Plaintiffs argue the court erred in granting Defendant's motion to dismiss for delay in prosecution. We disagree and affirm.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2011 Plaintiffs initiated this action by filing a complaint against Defendant and others, including Sedgwick, Detert Moran & Arnold, LLP (Sedgwick), alleging legal malpractice and breach of fiduciary duty, all arising out of their representation of Plaintiffs in two underlying lawsuits. For many months after the complaint was filed, Plaintiffs apparently made no effort to serve any of the defendants.

On April 7, the court relieved Plaintiffs' counsel of record, James F. Rumm of Douglas, Lopez & Rumm.

At the first case management conference (CMC) on September 14, the court noted Plaintiffs were then in propria persona and had failed to appear. The court set an order to show cause regarding dismissal for failure to proceed on October 18.

On October 18, Shaun M. Murphy of Douglas, Lopez & Rumm appeared for Plaintiffs. The court ordered Plaintiffs' counsel to come up with a plan to proceed, and set another CMC for December 20.

At the CMC on December 20, Shaun M. Murphy, then of Slovak, Baron & Empey, appeared for Plaintiffs. The court noted Plaintiffs still needed to serve defendants, and set another CMC on April 17, 2012.

At the CMC on April 17, Michael Leb of Douglas, Lopez & Rumm appeared for Plaintiffs. The court ordered Plaintiffs to serve all defendants by July 31.

Plaintiffs served Sedgwick on July 27.

At a CMC on July 31, Dennis D. Resh of David H. Pierce & Associates appeared for Plaintiffs. The court continued the CMC to November 21, in order to allow Plaintiffs' counsel more time to serve the remaining defendants.

2

On November 21, David H. Pierce of David H. Pierce & Associates filed an amended complaint on behalf of Plaintiffs alleging essentially the same claims.

For the next year Plaintiffs litigated this action with Sedgwick. Plaintiffs eventually settled with Sedgwick in mediation on November 19, 2013.

Plaintiffs served Defendant on December 10, 2013, more than two years nine months after their original complaint was filed.

On January 24, 2014, Defendant filed a motion to dismiss (Motion) for failure to prosecute. The Motion sought discretionary dismissal under Code of Civil Procedure, sections 583.410 and 583.420 (all further undesignated statutory references are to this code). The Motion was supported by declarations from Defendant's counsel, and a request for judicial notice of minute orders and other court records which established the facts set out above.

The Motion argued discretionary dismissal was proper because: Defendant was not served within two years, despite warnings and extensions from the court; the delay was not justified or excused; although Defendant was not required to show prejudice, it had in fact been prejudiced by the delay; and the delay all but assured the case would not be tried within three years (see § 583.420, subd. (a)(2)(A)).

Plaintiffs filed opposition to the Motion, supported by a declaration from Joel B. Shamitoff, sole manager of Universal Interactive, LLC, and president of Shamitoff Industries, Inc. Plaintiffs observed they had been represented by several different lawyers, and conceded the court ordered them to serve the defendants as noted.

Plaintiffs argued, however: they did not know about any deadlines for serving the defendants; they did not know or have reason to know Defendant had not been served; they could not explain why Defendant was served so late despite orders from the court; they had trusted their attorneys to serve Defendant; their attorneys negligence should not be imputed to them; Defendant had suffered no actual prejudice; and justice would be served by a trial on the merits.

3

Defendant filed a reply, supported by a declaration from its attorney. Defendant argued: it had been a named defendant from the start; Plaintiffs had litigated with Sedgwick for over a year; Plaintiffs did not serve it until after they settled with Sedgwick, just before the three year deadline for bringing the case to trial; Plaintiffs had failed to meet their burden of presenting a credible and reasonable excuse; and Defendant had suffered prejudice in the form of lost witnesses and recollections, and by being deprived of the chance to participate in the discovery and litigation with Sedgwick.

Prior to the March 20, 2014 hearing on the Motion, the court posted a tentative ruling as follows: "**GRANT MOTION TO DISMISS COMPLAINT**. [¶] Plaintiffs have not met their burden to establish a credible and reasonable reason for the delay in prosecution *Yao v. Anaheim Eye Medical Group* (1992) 10 Cal.App.4th 1024. The complaint was filed nearly two [*sic*][1] years ago. Mr. Shamitoff admits he knew his attorney had three surgeries and that the associate handling the case had died. He already dismissed one attorney. A 'reasonably competent' client under these circumstances would not rely on vague assurances without inquiring as to what was specifically being done to move his case along for nearly two [*sic*] years. Further, the Trial Court Delay Reduction Act (Govt. Code[, §] 68600, et seq.), expresses the legislative intent to eliminate delay. Defendant shall give notice and prepare a Judgment of Dismissal."

At the hearing on the Motion, John Oh of Kim Kang & Oh PCA appeared for Plaintiffs, and Dylan Ruga of Steptoe & Johnson, LLP appeared for Defendant. Counsel largely repeated the arguments set out in their respective pleadings. At one point the court acknowledged the negligence of counsel may not be imputed to the client. Even so, the court stated, "I've taken that into consideration in other words from the standpoint of what a reasonable client would do under the circumstances especially in light of the legislative direction to move cases along quickly."

---

[1] It was actually filed nearly three years before Defendant was served, not two.

At another point, the court said, "a reasonable client which would include plaintiff under the circumstances, yes, should have known, should have been more involved with his litigation." At the end of the hearing, the court granted the Motion stating, "The tentative is the order of the court."

On April 25, 2014 the court signed and filed a formal judgment of dismissal in favor of Defendant. This appeal timely followed.

**DISCUSSION**

A judge may dismiss an action for delay in prosecution when the plaintiff fails to serve the defendant within two years after the action is commenced. (§§ 583.410, 583.420, subd. (a)(1).) The plaintiff's unexcused failure to serve the defendant within this two-year period constitutes sufficient ground for dismissal, and no affirmative showing of prejudice is required. (*Scarzella v. DeMers* (1993) 17 Cal.App.4th 1762, 1768-1769.)

Dismissal on these grounds is discretionary, and the court shall consider the factors set out in sections 583.110, et seq., and California Rules of Court, rule 3.1342(e) (Rule 3.1342(e)). (*Terzian v. County of Ventura* (1994) 24 Cal.App.4th 78, 82 (*Terzian*); *Ladd v. Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1104-1107 (*Ladd*).) While the court must consider all of the factors in Rule 3.1342(e), it is not required to specifically state that it has done so. (*Cohen v. Hughes Markets, Inc.* (1995) 36 Cal.App.4th 1693, 1699; *Kidd v. Kopald* (1994) 31 Cal.App.4th 132, 147.)

Chief among these factors is diligence. The plaintiff must show the exercise of reasonable diligence throughout the two-year period. (*A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 225.) Further, when service does not occur within the two-year period, the plaintiff is required to show excusable delay. (*Ladd*, *supra*, 230 Cal.App.3d at p. 1100.) When there is no such showing of excusable delay, the court must dismiss the action. (*Oskooi v. Fountain Valley Regional Hospital* (1996) 42 Cal.App.4th 233, 239-241 (*Oskooi*).)

5

Our role in this context is limited and well defined. We may not reverse an order granting dismissal for delay in prosecution unless the plaintiff establishes a manifest abuse of discretion resulting in a miscarriage of justice. (*Ladd*, *supra*, 230 Cal.App.3d at p. 1100; *Schumpert v. Tishman Co.* (1988) 198 Cal.App.3d 598, 603.) We are not permitted to substitute our own discretion for that of the trial court, and we must uphold the dismissal order if the trial court has not abused its discretion. (*Terzian*, *supra*, 24 Cal.App.4th at p. 83; *Ladd*, at p. 1100.)

Here Plaintiffs essentially argue the court abused its discretion by granting the Motion. They again maintain their attorneys were negligent, their attorneys' negligence should not be imputed to them, and the interests of justice would be best served by a trial on the merits. Defendant argues, among other things, the court acted well within its discretion, because Plaintiffs failed to meet their initial burden of presenting a credible and reasonable excuse for the delay. We agree with Defendant.

Plaintiffs, by their own admission in the trial court, could not explain why Defendant was not served until almost three years after this action was commenced, despite multiple orders to do so and warnings from the court. The only excuse Plaintiffs offered for the delay was that they simply did not know or have reason to know of their attorneys' purportedly negligent failure to serve Defendant.

But the court found this excuse was not reasonable under the circumstances presented. The court specifically found that a reasonable client should have been more involved with his litigation, and should have known Defendant had not been served. And the court "possesses almost unfettered discretion in deciding . . . whether the proffered reasons justify the delay." (*Oskooi*, *supra*, 42 Cal.App.4th 233, 239-241.)

Furthermore, the court expressly acknowledged the rule that the negligence of counsel may not be imputed to the client, and nothing in the record suggests the court violated that rule. To the contrary, the court took that rule into consideration and still found Plaintiffs did not act as a reasonable client would under the circumstances.

6

Finally, it is true that in ruling on the Motion the court was required to consider all relevant matters, including whether interests of justice would be best served by dismissal or trial on the merits. (Rule 3.1342(e)(9).) But the court here did consider all relevant matters in ruling on the Motion, and concluded the interests of justice would be best served by dismissal, rather than trial on the merits.

In sum, while Plaintiffs offered some explanation for the delay, the court did not abuse its discretion in finding their explanation insufficient, given the information known to Plaintiffs. Plaintiffs have not established any manifest abuse of discretion resulting in a miscarriage of justice. Therefore, we will not disturb the dismissal.

## DISPOSITION

The judgment is affirmed. Defendant is awarded costs on this appeal.

THOMPSON, J.

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

7