Filed 3/14/22  Franco v. Barajas CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JENNIFER FRANCO,<br><br>        Plaintiff and Appellant,<br><br>    v.<br><br> NICHOLAS BARAJAS et al.,<br><br>        Defendants and Respondents. | B309840<br><br>(Los Angeles County Super. Ct. No. BC690331) |

        APPEAL from an order of the Superior Court of Los Angeles County, Thomas D. Long, Judge.  Affirmed.

        First Law Group and Eric A. Forstrom for Plaintiff and Appellant.

        Rankin, Shuey, Ranucci, Mintz, Lampasona & Reynolds, Maria M. Lampasona and Ashley N. Kim for Defendant and Respondent Nicholas Barajas.

        Loskamp & Associates and Edwin K. Loskamp for Defendant and Respondent Drew Brown.

_____

Jennifer Franco appeals from an order of dismissal after the trial court granted Nicholas Barajas's and Drew Brown's motions to dismiss for failure to serve them with the summons and complaint within two years pursuant to Code of Civil Procedure[1] section 583.420, subdivision (a)(1). Franco contends the trial court abused its discretion in granting the motions to dismiss. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *The Amended Complaint*

On January 16, 2018 Franco filed a complaint against American Medical Response (AMR), Barajas, and Brown. As alleged in the operative complaint, Barajas and Brown were paramedics employed by AMR, an ambulance company. Franco alleged that on January 20, 2016 Barajas and Brown transported Franco to a hospital 4.9 miles away. Barajas and Brown strapped Franco's hands and legs to a gurney and gave her an intravenous drug that immobilized her and caused her to be in a semi-unconscious state. At some point, Barajas and Brown pulled over the AMR ambulance. Brown and then Barajas sexually assaulted Franco as she lay restrained on the gurney. Franco alleged causes of action for assault, battery, and intentional infliction of emotional distress against Barajas and Brown. Franco also alleged causes of action against AMR for negligent hiring, supervision and retention, and negligent infliction of emotional distress.

---

[1]    Further undesignated statutory references are to the Code of Civil Procedure.

2

On April 22, 2019 Franco served AMR. After AMR filed a demurrer to the complaint, Franco filed the first amended complaint on July 16, 2019.

B.    *The Motions To Dismiss*

On April 21, 2020 Barajas moved to dismiss the action under section 583.420, subdivision (a)(1), for failure to serve the summons and complaint within two years of the filing of the complaint. In his supporting declaration, Barajas stated he was served with the complaint at his Rowland Heights home on March 3, 2020 (more than 25 months after the complaint was filed). Barajas had lived at the same address since December 2003. Franco could have obtained Barajas's contact information through written discovery to AMR, which employed Barajas from February 2014 through December 2017 and knew his home address, cell phone number, and personal email address. Moreover, from December 2017 to January 2020, Barajas was a paramedic for the San Bernardino County Fire Department. As an employee of a public agency, information about Barajas's employer, employment status, and salary were publicly available on the Internet. Barajas asserted Franco and her attorney's lack of diligence prejudiced him because Franco waited almost two years from the date of the incident to file her original complaint and another year before serving the summons and complaint on AMR (and another year before serving Barajas).

On June 3, 2020 Brown moved to dismiss the action on the ground Franco did not serve the summons and complaint on Brown until May 4, 2020 (more than 27 months after filing the complaint), when he was served at his home in Montana. In his supporting declaration, Brown stated he worked as an emergency

medical technician for AMR from 2015 until June 2017, then moved to Montana the following month. Brown also argued that the individual defendants would have been aware of the Los Angeles County Sheriff's Department's 2017 investigation of Franco's allegations, which according to Brown's attorney, Nicole E. Hornick, resulted in a report with Brown's and Barajas's full names, dates of birth, and copies of their driver's licenses. Brown argued Franco failed to establish excusable delay in prosecuting her claims, and Brown was prejudiced by the long delay.

In opposition to the motions to dismiss, Franco submitted the declaration of her attorney, Christopher Mesaros, and his law clerk, Zeke Franco.[2] At the time Franco filed her original complaint on January 16, 2018, she was represented by Ernesto Meza, Jr. Franco retained Mesaros on April 12, 2019; Mesaros filed a substitution of attorney on April 16; and on April 22 Mesaros effectuated service of the summons and complaint on AMR through its registered agent. In April and May 2019 Zeke conducted online searches to locate Barajas and Brown, including searches on the Internet and social media. However, as Zeke explained in his declaration, "Few Facebook, Instagram and Twitter profiles with the name Nicolas Barajas were found but none that matched [Barajas]. I was not able to find anything on Drew Brown either." Zeke performed additional online searches in August and September 2019, and he was able to locate Barajas on LinkedIn. He explained, "The LinkedIn profile detailed someone who worked for the San Bernardino County Fire Department; however, the profile did not give details about which department or station [he] worked at." Mesaros also "conducted

---

[2]     We refer to Zeke Franco by his first name to avoid confusion with Jennifer Franco, who is not related.

4

numerous skip trace searches via 'Tracers, Inc.[,]' a service used to locate individuals," but Zeke could not locate Brown or Barajas because he did not have identifying information such as their birth dates or addresses.

According to Mesaros, at the time of these searches, he was not sure who AMR's lawyer was, and therefore he did not know to whom to direct discovery of AMR. On May 15, 2019 Todd M. Austin contacted Mesaros on behalf of AMR, but a different attorney filed AMR's demurrer on June 27. Mesaros averred it was not until August 12, 2019, when Austin filed a notice of substitution, that Mesaros resolved who represented AMR. But Mesaros still waited until October 2 to email Austin and request the last known contact information for Barajas and Brown. On December 2 Mesaros spoke with Austin in person and again requested Barajas's and Brown's last known contact information.

On January 11, 2020 Franco propounded written discovery on AMR, requesting the addresses of Barajas and Brown. On January 16 Mesaros again spoke with Austin at a hearing to request the addresses of Barajas and Brown. Mesaros then hired L.J.B. Investigations to locate Barajas and Brown. Mesaros also emailed Austin on February 11 to make another request for the addresses of Barajas and Brown. Austin ultimately provided Mesaros with an address for Barajas and a P.O. Box address for Brown on February 18, 2020. Barajas was served on March 3, 2020.

Franco also submitted a declaration from Lynda J. Bergh, a licensed private investigator and the founder of L.J.B. Investigations. Bergh stated that on February 18, 2020 First Law Group (Mesaros's law firm) contacted her to locate the last known addresses of Barajas and Brown for service of process. On

February 25 Bergh obtained Barajas's paramedic's license number.  Bergh ran a database search for Barajas and found a Signal Hill, California address for him.  On March 3 Bergh in her report provided First Law Group with the Signal Hill address for Barajas and a Montana address for Brown.

In his reply brief, Barajas submitted a declaration from Scott E. Ebke, a licensed private investigator.  On May 7, 2020 Ebke's colleague, acting at his direction, ran a search in Tracers, Inc., for "Nicholas A. Barajas" and found two individuals with the same name.  One person lived in Rowland Heights; the other in Signal Hill.  Ebke conducted a second database search and "quickly ascertained that the Nicholas A. Barajas residing in Rowland Heights was employed by American Medical Response." Ebke charged $190 to identify and locate the current address of Barajas.

In response to Barajas's reply, Franco submitted a sur-reply memorandum and declaration from Meza, Franco's former attorney.[3]  Meza averred that after filing the complaint, he began to work on finding Barajas and Brown, including researching their last known addresses, but he was unsuccessful before he suffered "very serious health and family issues that have been ongoing since June, 2018."  In October 2018 Meza was hospitalized for kidney failure; in November Meza's mother in Texas passed away, and he spent most of November and December in Texas to make burial arrangements and to help his

---

[3]     The trial court noted there was "no authority permitting the filing of a response to reply papers," but nonetheless considered the sur-reply because Barajas had "ample opportunity to respond to this unpermitted filing" and "the relief sought by way of the motion is extreme (dismissal of the action)."

father recover from a heart attack. Meza returned to California in late December 2018 to have prostate and bladder surgery. He was catheterized and on bedrest for several months following the surgery. In February 2019 Meza returned to Texas to help his father sell the family house and move. Meza's father suffered a second heart attack, and Meza stayed in Texas several more weeks to care for him. On April 6, 2019 Meza was injured in a serious car crash. At that point, Meza advised Franco to find new counsel. Franco retained Mesaros, who filed a substitution of attorney on April 16, 2019.

## C.     *The Trial Court's Order*

On September 11, 2020, after hearing argument of counsel, the trial court granted Barajas's and Brown's motions to dismiss. The court found Franco served Barajas on March 3, 2020 and Brown on May 4, 2020, more than two years after the filing of the complaint. The court ruled, "[T]he mere fact that more than two years have passed since the filing of the lawsuit is sufficient to meet Barajas's [and Brown's] moving burden to show the case against [them] should be dismissed, and the burden shifts to Plaintiff to show a sufficient excuse for the failure to timely serve the summons and complaint."

The court found Mesaros's declaration "has large holes in information provided." The court explained, "For example, when the assistant performed the first set of searches, why didn't he perform a [LinkedIn] search at the time? And, when the [LinkedIn] search showed Barajas worked for the San Bernardino Fire Department, why was nothing done to follow up with the information? Importantly, while there may have been some confusion about AMR's representation for a short duration of

7

time, it is unclear why discovery was not propounded between the 4/22/19 service of papers and 1/11/20, nine months later, when discovery was finally propounded. Moreover, counsel offers no explanation for why despite receiving a report with Brown's home address on 3/3/20, counsel waited until 5/4/20 to serve Brown at his home."

The court found Meza's declaration was inadmissible because "it was executed out of state but the certification under penalty of perjury does not assert it is subject to the law of the state of California, as set forth in [section] 2015.5." The court also found, "Even if Meza's declaration is admissible, it does not offer an adequate explanation as to why Meza did not withdraw earlier given his inability to properly represent [Franco] and is otherwise insufficient. Meza declares that he 'began researching' Defendants' addresses after filing the complaint but did not locate Defendants before he fell ill. He declares that he has had serious ongoing health issues from June 2018 to the present. . . . [¶] It is the plaintiff's burden to show diligence in serving the defendant; there is no authority for the position that excuses for lack of diligence are a suitable replacement. That said, the Court is not without sympathy for [Meza's] health problems and does find them compelling. [Meza] fails, however, to actually detail what exactly he did when he 'began researching' Defendants' addresses between the filing of the complaint in January of 2018 and falling ill in June of 2018. . . . The Rules of Court require service of the summons and complaint within sixty days. (CRC 3.110(b)). Thus, [Franco's] first attorney was required to serve Defendants by late March of 2018, three months before he became ill. Absent any explanation of what Counsel was doing for the six months between filing the lawsuit

and falling ill, the Court cannot find Meza's declaration sufficient to show diligence."

The court dismissed with prejudice the complaint against Barajas and Brown.[4]  The court entered an order of dismissal on September 11, 2020.  Franco timely appealed.

## DISCUSSION

A.  *Applicable Law and Standard of Review*

A plaintiff must proceed with reasonable diligence in prosecuting a civil action (§ 583.130), and the trial court has discretion to dismiss an action for delay in prosecution under

---

[4]      Franco filed a motion for reconsideration, with a supplemental declaration of Meza and declaration of Meza's legal assistant, Feliberto Rodriguez, detailing their efforts to serve Barajas and Brown, including online searches between February 2018 through June 2018 and unsuccessful attempts to serve Brown at a residential address in Huntington Beach and Barajas in Fontana.  A supplemental declaration of Zeke elaborated his online searches, and he stated he contacted three fire stations after finding Barajas's LinkedIn page, but he could not confirm Barajas worked at them, and Mesaros's firm decided not to serve Barajas at his place of employment because it "could potentially cause his dismissal."  After a hearing, on December 3, 2020 the trial court denied the motion for reconsideration, finding Franco failed to present any new or different facts, circumstances, or law unavailable at the hearing.  The court noted it had already considered declarations from Zeke and Meza and Franco failed to "state why these declarations could not have been offered earlier, nor does [Franco] show the information is such that it could not have been discovered when [Franco] filed her oppositions . . . ."  Franco does not challenge the denial of her motion for reconsideration.

9

specified conditions.  (§ 583.410, subd. (a) ["The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case."].)  In particular, under section 583.420, subdivision (a)(1), the court has discretion to dismiss an action for delay in prosecution if "[s]ervice is not made within two years after the action is commenced against the defendant."  (Accord, *ZL Technologies, Inc. v. Does 1-7* (2017) 13 Cal.App.5th 603, 609.)  A plaintiff's "unexcused failure to serve a summons within the two-year period prima facie constitutes a sufficient ground for dismissal.  [Citation.]  In such a case there is no requirement for an affirmative showing of prejudice."  (*Scarzella v. DeMers* (1993) 17 Cal.App.4th 1762, 1768-1769 (*Scarzella*); accord, *Putnam v. Clague* (1992) 3 Cal.App.4th 542, 549 ["[T]he plaintiff, opposing a motion to dismiss for delay in prosecution, has the initial burden to show excusable delay.  Only after he has done so does the court consider other factors such as prejudice."].)

Rule 3.1342(e) of the California Rules of Court (Rule 3.1342(e)) lists 10 factors the trial court "must consider" in ruling on a motion to dismiss for delay in prosecution: "(1) The court's file in the case and the declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process;  [¶]  (2) The diligence in seeking to effect service of process;  [¶]  (3) The extent to which the parties engaged in any settlement negotiations or discussions;  [¶]  (4) The diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party;  [¶]  (5) The nature and complexity of the case;  [¶]  (6) The law applicable

to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; [¶] (7) The nature of any extensions of time or other delay attributable to either party; [¶] (8) The condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; [¶] (9) Whether the interests of justice are best served by dismissal or trial of the case; and [¶] (10) Any other fact or circumstance relevant to a fair determination of the issue."

With respect to a plaintiff's diligence in serving the summons, the plaintiff must show the exercise of reasonable diligence throughout the two-year period. (*A. Groppe & Sons Glass Co., Inc. v. Fireman's Fund Ins. Co.* (1991) 232 Cal.App.3d 220, 225-227 (*Groppe & Sons*) [rejecting plaintiff's argument its bankruptcy filing excused its failure to serve complaint because plaintiff could have petitioned bankruptcy court to compel trustee to prosecute action]; *Hilliard v. Lobley* (1989) 216 Cal.App.3d 638, 641-642 [plaintiff did not show reasonable delay in service of complaint where she offered some explanation for delay after her second attorney was hired but failed to explain why first attorney failed to serve complaint]; see *American Western Banker v. Price Waterhouse* (1993) 12 Cal.App.4th 39, 54-55 [substantial evidence supported trial court's implied finding in dismissing action that plaintiffs' excuse for serving complaint 28 months after initial filing—that they lacked financial resources to serve complaint earlier—was not credible]; *Ladd v. Dart Equipment Corp.* (1991) 230 Cal.App.3d 1088, 1093, 1101-1102 [affirming grant of defendants' motions to dismiss where plaintiff served defendants 29 months after filing of complaint, concluding plaintiff had not

11

shown excusable delay based on desire of plaintiff's attorney to wait for resolution of pending workers' compensation claim].)

"When reviewing a discretionary dismissal, we must presume the decision of the trial court is correct, unless the party challenging the decision shows the trial court abused its discretion." (*ZL Technologies, Inc. v. Does 1-7, supra*, 13 Cal.App.5th at p. 609; accord, *Van Keulen v. Cathay Pacific Airways, Ltd.* (2008) 162 Cal.App.4th 122, 131 ["'A reviewing court may not reverse a trial court's order granting dismissal for dilatory prosecution unless the plaintiff meets the burden of establishing manifest abuse of discretion resulting in a miscarriage of justice.'"]; *Oskooi v. Fountain Valley Regional Hospital* (1996) 42 Cal.App.4th 233, 239 ["The trial court possesses almost unfettered discretion in deciding factual disputes and whether the proffered reasons justify the delay."].) Moreover, although the court must consider the relevant factors when deciding a motion to dismiss, "it is not compelled to state in written or oral form its reasons for granting a discretionary dismissal." (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) "The burden is on the party challenging the trial court's decision to show that the court abused its discretion." (*Ibid.*)

B.   *The Trial Court Did Not Abuse Its Discretion in Granting Defendants' Motions To Dismiss*

Franco contends the trial court abused its discretion in granting Barajas's and Brown's motions to dismiss because Franco presented "more than sufficient evidence to establish due diligence and a valid explanation for any perceived delay." The court did not abuse its discretion.

Because the motions established that the summons and complaint were not served on Barajas and Brown within two years, Franco had the burden to show excusable delay. (*Scarzella, supra*, 17 Cal.App.4th at pp. 1768-1769.) In finding that Franco failed to make this showing, the trial court properly considered the relevant Rule 3.1342(e) factors, which in this case primarily concerned Franco's diligence, or lack thereof, in serving Barajas and Brown.[5] The court considered all the declarations, including Meza's sur-reply declaration, which was neither authorized by the court nor compliant with section 2015.5, and the court determined the evidence was insufficient to demonstrate diligence. As the court observed, there were large holes in the timeline and missing information. With respect to Meza—who represented Franco during the first 15 months of the action—the trial court found compelling his testimony that a series of serious health and family emergencies excused his failure to serve Barajas and Brown between June 2018 and April 2019, but he provided no explanation for his failure to serve the defendants (including AMR) for nearly five months after filing the lawsuit, (from January to June 2018). (See Cal. Rules of Court, rule 3.110(b) ["The complaint must be served on all named defendants and proofs of service on those defendants must be

---

[5] Most of the Rule 3.1342(e) factors do not apply to the failure to serve a summons and complaint (as compared to the delay in bringing an action to trial under section 583.420, subdivision (a)(2)) because Barajas and Brown had not yet appeared. Franco's diligence in pursuing discovery also is a relevant factor. The trial court found that Franco did not provide a clear explanation why her counsel failed to propound discovery to AMR until January 2020, nine months after AMR was served and nearly two years after the complaint was filed.

13

filed with the court within 60 days after the filing of the complaint."].)

Meza also failed to explain what steps he took when he "began researching" Barajas's and Brown's addresses prior to falling ill, and why he was unsuccessful in locating them. At a minimum, AMR could have been easily served through its agent for service of process, allowing Franco to seek discovery concerning Barajas and Brown at an earlier date. Meza also did not explain why his health problems prevented a staff member or private investigator from searching for Barajas and Brown while Meza was indisposed. Further, Franco presented no evidence that Meza made any efforts to search for Barajas and Brown while Meza was staying with his father in Texas during January and February 2019, nor is there an account of what Meza was doing in the two months prior to his car accident in April 2019. Although Meza's declaration satisfied the trial court that there were periods in which his ability to prosecute the case was severely limited, it was Franco's burden to show the exercise of reasonable diligence throughout the two-year period. (*Groppe & Sons, supra*, 232 Cal.App.3d at p. 225.)

Mesaros and Zeke likewise failed in their declarations to explain why it took their law firm another year after Mesaros substituted for Meza to serve Barajas and Brown. Zeke's Internet and social media searches in April and May 2019 were inadequate in light of the fact that Zeke was able in August or September 2019 to find Barajas on LinkedIn and to determine Barajas was employed by the San Bernardino County Fire Department (and even then, Mesaros's law firm did not attempt to serve Barajas). Mesaros's explanation for why he could not take discovery from AMR on the whereabouts of Barajas and

14

Brown any earlier (asserting he was not sure who AMR's lawyer was before August 2019) is not credible, considering he was negotiating with Austin as early as May 2019 regarding AMR's demurrer. In any event, Mesaros provided no reasons why he did not ask Austin about Barajas's and Brown's addresses when Mesaros and Austin first communicated in May. And there was no excuse for why Mesaros waited until October 2019 to inquire of Austin, or why Mesaros did not propound discovery until January 15, 2020 (two years after the lawsuit was filed).[6]

---

[6] On our own motion we augment the record to include the January 16, 2020 order to show cause re dismissal for failure to serve the remaining defendants and failure to prosecute. (Cal. Rules of Court, rule 8.155(a)(1)(A).) We requested the parties address at oral argument the significance, if any, of the order to show cause and the fact the trial court at the January 16 hearing continued the order to show cause to September 11, 2020, then dismissed the action on the continued hearing date after Barajas and Brown filed their motions to dismiss. At oral argument Franco's attorney argued (for the first time) that the continuance of the order to show cause supports Franco's contention the court should not have dismissed the action in September because by that time she had done what the court wanted—served the individual defendants. But as the individual defendants argued, the court had no information as of January 2020 on whether Franco had acted with diligence in prosecuting the action. The court continued the order to show cause to the next scheduled date, the September 11 final status conference, and at that time the court acted within its discretion in dismissing the action after reviewing the evidence submitted by Franco and the individual defendants addressing what steps Franco had taken to effectuate service in the over two years since filing the complaint and the reasons for the delay. It was reasonable for the court to allow the individual defendants to address in their motions to dismiss whether Franco had acted diligently. And, as the trial court

Mesaros stated he conducted numerous skip trace searches using Tracers, Inc., but he was unable to find Barajas and Brown, then "[a]fter exhausting all efforts," he hired Bergh.  But even then, Bergh's March 3, 2020 report provided Brown's social security number and address in Montana where he lived, yet Franco did not serve Brown for another two months.  As to Barajas, private investigator Ebke testified in his declaration that his associate was able to "quickly" identify Barajas's correct identity and address using common online search resources for a fee of only $190.

Substantial evidence therefore supports the trial court's determination, and there was no abuse of discretion.  (See *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 1006 ["The abuse of discretion standard includes a substantial evidence component," under which "'[w]e defer to the trial court's factual findings so long as they are supported by substantial evidence, and determine whether, under those facts, the court abused its discretion."]; accord, *Pasadena Police Officers Assn. v. City of Pasadena* (2018) 22 Cal.App.5th 147, 167.)  Indeed, the evidence suggests that Brown or Barajas were not particularly difficult to locate and serve; the attorneys' efforts to find them were meager and halting; and to the extent the attorneys concluded it was necessary to hire a private investigator, Franco offers no explanation for why the lawyers, charged with knowledge of the statutory deadlines, did not retain a private investigator sooner, which ultimately resulted in successful service.  (*Strong v. Sutter County Bd. of Supervisors* (2010) 188 Cal.App.4th 482, 498 ["an attorney is "'presumed to know the

found, the individual defendants made a persuasive showing the delay was not justified.

16

laws and rules of procedure which govern the forms of litigation . . . he selects and pursues"'""].)

Franco also argues that two years did not elapse between the filing of the complaint and service of the summons and complaint because the time to effectuate service was tolled for the period in which service was "impossible, impracticable, or futile due to causes beyond the plaintiff's control." (§ 583.240, subd. (d) [time during which "[s]ervice . . . was impossible, impracticable, or futile due to causes beyond the plaintiff's control" is excluded from the computation of the time in considering a delay in prosecution].) But Franco did not raise this argument below, and it is forfeited. (*Quiles v. Parent* (2018) 28 Cal.App.5th 1000, 1013 ["'Failure to raise specific challenges in the trial court forfeits the claim on appeal.'"].) Even if the argument were not forfeited, "[f]ailure to discover relevant facts or evidence is not a cause beyond the plaintiff's control." (§ 583.240, subd. (d); see *Shipley v. Sugita* (1996) 50 Cal.App.4th 320, 323-324 [period for service of summons not tolled during time plaintiff erroneously believed, based upon his own lawyer's false representation, that defendant had been served, because service was not impossible, impracticable or futile, as demonstrated by the fact defendant eventually was served].)

Finally, Franco argues that Barajas and Brown failed to show they suffered prejudice as a result of the delay in service. However, because Franco failed to show reasonable diligence, no showing of prejudice was required. (*Scarzella, supra,* 17 Cal.App.4th at p. 1769.)

17

## DISPOSITION

The judgment is affirmed.  Nicholas Barajas and Drew Brown are entitled to recover their costs on appeal.


                              FEUER, J.

We concur:


        SEGAL, Acting P.J.


        WISE, J.*

---

*        Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.